1 | **Brian H. Gunn (SBN 192594)**
  | *bhgunn@wolfewyman.com*
2 | **Meagan S. Tom (SBN 273489)**
  | *mstom@wolfewyman.com*
3 | **WOLFE & WYMAN LLP**
  | **2175 N. California Blvd., Suite 645**
4 | **Walnut Creek, California 94596-3502**
  | **Telephone: (925) 280-0004**
5 | **Facsimile: (925) 280-0005**

6 | **Attorneys for Defendant**
  | **PNC BANK, N.A. and HSBC BANK USA,**
7 | **NATIONAL ASSOCIATION as trustee for**
  | **LUMINENT MORTGAGE TRUST 2007-2,**
8 | **MORTGAGE PASS-THROUGH CERTIFICATES,**
  | **SERIES 2007-2**

9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERRY HOWE and KARINA LEE HOWE, | Case No.: CV-13-5476-JSW |
| Plaintiffs, | Assigned to the Hon. Jeffrey S. White |
| | Courtroom 11 |
| v. | **DEFENDANTS PNC BANK, N.A.'S HSBC** |
| PNC BANK, N.A. and HSBC BANK USA, | **BANK USA, NATIONAL ASSOCIATION** |
| NATIONAL ASSOCIATION as trustee for | **AS TRUSTEE FOR LUMINENT** |
| LUMINENT MORTGAGE TRUST 2007-2, | **MORTGAGE TRUST 2007-2, MORTGAGE** |
| MORTGAGE PASS-THROUGH | **PASS-THROUGH CERTIFICATES,** |
| CERTIFICATES, SERIES 2007-2, | **SERIES 2007-2 NOTICE OF MOTION** |
| | **AND MOTION TO DISMISS PLAINTIFFS'** |
| Defendants. | **COMPLAINT** |
| | |
| | Date: March 14, 2014 |
| | Time: 9:00 a.m. |
| | Courtroom: 11 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **March 14, 2014 at 9:00 a.m.** or as soon thereafter as the

matter may be heard in Courtroom 11 of the above-entitled Court, located at , Defendants PNC

BANK, N.A. and HSBC BANK USA, NATIONAL ASSOCIATION as trustee for LUMINENT

MORTGAGE TRUST 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2

1

1572478.1

1   (collectively "Defendants") will move the Court pursuant to <u>Federal Rules of Civil Procedure</u>, Rule

2   12(b)(6), for an order dismissing Plaintiffs PERRY HOWE and KARINA LEE HOWE's

3   (collectively "Plaintiffs") Complaint filed on November 26, 2013.

4          Defendants move to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs fail to state a

5   claim upon which relief may be granted as set forth in <u>Federal Rules of Civil Procedure</u>, Rule

6   12(b)(6).

7          The motion to dismiss is based on this notice of motion and motion, the supporting

8   memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file

9   in this action, on the reply (if any), and on any and such further oral and documentary evidence as

10  may be presented at the hearing on this matter.

11

12  DATED: January 1, 2014                    WOLFE & WYMAN LLP

13

14                                           By: _____

15                                               BRIAN H. GUNN
                                                 MEAGAN S. TOM
16                                           Attorneys for Defendants
                                             **PNC BANK, N.A. and HSBC BANK USA,**
17                                           **NATIONAL ASSOCIATION as trustee for**
                                             **LUMINENT MORTGAGE TRUST 2007-2,**
18                                           **MORTGAGE PASS-THROUGH**
                                             **CERTIFICATES,SERIES 2007-2**

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS   CASE NO.: CV-13-5476

1572478.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................1

II.    SUMMARY OF FACTUAL BACKGROUND.............................................1

III.   STANDARD OF REVIEW.............................................................................2

IV.   PLAINTIFFS' FIRST CLAIM FOR WRONGFUL FORECLOSURE FAILS...............3

      A.    Plaintiffs' Lack Standing to Challenge the Securitization of the Subject Loan ...............3

      B.    Transfers of Plaintiffs' Loan Do Not Affect Plaintiffs' Obligation to Make Payments...............4

      C.    Assignments of Beneficial Interest Do Not Need to Be Recorded ....................5

      D.    Plaintiffs' Wrongful Foreclosure Claim is Premature ..................................6

      E.    Plaintiffs' Fail to Provide Facts Showing a Prejudicial Procedural Irregularity ...............6

V.    PLAINTIFFS' SECOND CLAIM FOR QUIET TITLE FAILS ...............6

VI.   PLAINTIFFS' THIRD CLAIM FOR SLANDER OF TITLE FAILS ...............7

VII.  PLAINTIFFS' FOURTH CLAIM FOR FRAUD FAILS...............................8

      A.    Plaintiffs Fail to Plead Sufficient Facts to Establish the Essential Elements of Fraud ...............8

VIII. PLAINTIFFS' FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS ...............9

IX.   PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6 FAILS...............10

X.    PLAINTIFFS' SEVENTH CLAIM FOR VIOLATION OF BUS. & PROFS. CODE §17200 FAILS...............11

      A.    Plaintiffs Fail to Allege a Claim Under the Unlawful Prong ...............11

      B.    Plaintiffs Fail to Allege a Claim Under the Unfair Prong..............................12

      C.    Plaintiff Fails to Allege a Claim Under the Fraudulent Prong............................12

XI.   PLAINTIFFS' EIGHTH CLAIM FOR UNJUST ENRICHMENT FAILS ...............13

XII.  CONCLUSION .............................................................................................14

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

i

CASE NO.: CV-13-5476

1572478.1

## Cases

6 Angeles, Inc. v. Stuart-Wright Mortgage, Inc. 85 Cal.App.4th 1279, 1284  (App. Ct. 2001) ...........6

Aguilar v. Bocci, 39 Cal.App.3d 475, 476 (App. Ct. 1974)..................................................7

Albertson v. Raboff 46 Cal.2d 375, 381 (App. Ct. 1956) ...................................................7

Anderson v. Wickliffe, 178 Cal. 120, 121-122 (App. Ct. 1918) ........................................9

Appel v. Burman 159 Cal.App.3d 1209, 1214 (App. Ct. 1984)...........................................7

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)................................2

Bascos v. Federal Home Loan Mortgage Corp. 2011 WL 3157063 *6 (C.D.Cal. Jul. 22, 2011).........4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ...........................................2, 3

Blumhorst v. Jewish Family Services of Los Angeles 126 Cal.App.4th 993 (App. Ct. 2005) .............4

Brown v. Busch 152 Cal.App.2d 200, 204 (App. Ct. 1957)..................................................6

Buckland v. Threshold Enterprises, Ltd., 155 Cal.App.4th 798, 807 (App. Ct. 2007) ........................8

Burkett v. G. J. Griffith 90 App. Ct. 532, 537 (App. Ct. 1891).............................................7

Byars v. SCME Mortgage Bankers 109 Cal.App.4th 1134, 1147 (App. Ct. 2003) ............................12

Calvo v. HSBC Bank USA, N.A. 199 Cal.App.4th 118, 120 (App. Ct. 2011) ..................................5

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. 20 Cal.4th 163, 181 (App. Ct. 1999)................................................................................11

DiPirro v. American Isuzu Motors, Inc. 119 Cal.App.4th 966 (App. Ct. 2004). ................................12

Enterprise Leasing Corp. v. Shugart Corp. 231 Cal.App.3d 737, 748 (App. Ct. 1991)).....................13

Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256 (App. Ct. 2011) ........................................5

Gantman v. United Pacific Ins. Co. 232 Cal.App.3d 1560, 1568 (App. Ct. 1991................................4

Gudger v. Manton  21 Cal.2d 537, 541 (App. Ct. 1943)......................................................7

Hague v. Wells Fargo Bank, N.A. 2011 WL 6055759 at *5 (N.D.Cal. Dec. 6, 2011) [REMIC securitization does not alter the Note].....................................................................4

Herrera v. Federal Nat. Mortg. Assn. 205 Cal.App.4th 1495 (App. Ct. 2012) ...................................5

In re Correia 452 B.R. 319, 324 (1st Cir.BAP June 30, 2011)...............................................4

Ingles v. Westwood One Broadcasting Services, Inc. 129 Cal.App.4th 1050, 1060 (App. Ct. 2005) 12

Jenkins v. JP Morgan Chase Bank, N.A. 216 Cal.App.4th 497, 514-515 (App. Ct. 2013)....................4

Logvinov v. Wells Fargo Bank  2011 WL 6140995 (N.D.Cal. Dec. 9, 2011)......................................4

1572478.1

CASE NO.: CV-13-5476

1   McBride v. Boughton 123 Cal. App. 4th 379, 387 (App. Ct. 2004) ....................................13

2   Melchior v. New Line Prods., Inc. 106 Cal.App.4th 779-793 (App. Ct. 2003) .....................13

3   Melendrez v. D & I Investment, Inc. 127 Cal.App.4th 1238, 1258, (App. Ct. 2005) ...........6

4   Mix v. Sodd,126 Cal.App.3d 386, 390  (App. Ct. 1991)......................................................7

5   Munger v. Moore 11 Cal. App. 3d 1, 7 [emphasis added] (1970)........................................6

6   Nein v. HostPro, Inc. 174 Cal.App.4th 833, 841 (App. Ct. 2009) .....................................12

7   North Pac. S.S. Co. v. Terminal Inv. Co., 43 Cal.App. 182 (App. Ct. 1919)........................9

8   Northstar International v. Arizona Corp. Commission, 720 F.2d 578, 583 (9th Cir. 1983) .................2

9   Paracor Fin. v. Gen. Elec. Capital Corp. 96 F.3d 1151, 1167 (9th Cir. 1996) ....................13

10  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998 ........................................................2

11  Powers v. Ashton 45 Cal.App.3d 783 (App. Ct. 1975) ........................................................4

12  Reina v. Erassarret, 90 Cal.App.2d 418, 423-424 (App. Ct. 1949)......................................9

13  Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988)..........................................................2

14  Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984) .......................2

15  Scripps Clinic v. Superior Court 108 Cal.App.4th 917 (App. Ct. 2003)...............................12

16  Siliga v. Mortg. Elec. Registration Sys., Inc. 219 Cal.App.4th 75, 85 (App. Ct. 2013) ........................5

17  Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc. 121 Cal.App.3d 447, 457 (App. Ct. 1981) .......10

18  Stevens v. Pulumas Eureka Annex Min. Co. 2 Cal.2d 493, 497 (App. Ct. 1935)................................6

19  Wadhwa v. Aurora Loan Services, LLC 2011 WL 2681483 *4 (E.D.Cal. July 8, 2011)....................4

20  Wilson v. Pac. Coast Title Ins. Co 106 Cal.App.2d 599, 602 (App. Ct. 1951)....................................5

21  Wolfe v. Lipsy, 163 Cal.App.3d 633, 638 (App. Ct. 1985) ..................................................9

22                                          **Statutes**

23  California Civil Code § 2923.6(c) and (d).........................................................................10

24  California Civil Code § 2924.6(c) and (d),....................................................................1, 10

25  California Civil Code § 3412.............................................................................................9

26  California Civil Code 2923.6(c) .......................................................................................10

27  California Penal Code § 115............................................................................................11

28  Code of Civil Procedure § 337 .......................................................................................10

.572478.1

1

**RULES**

Business and Professions Code §17200 ............................................................................15

Committee on Children's TV v. General Foods Corp. 35 Cal. 3d 197, 211 (App. Ct. 1983) .............15

Federal Rule of Civil Procedure  12(b)(6)............................................................................3

**REGULATIONS**

Business and Professions Code §17200 ("UCL") ............................................................13

CASE NO.: CV-13-5476

1572478.1

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2 | **I.    INTRODUCTION**

3 |     On November 26, 2013, Plaintiffs PERRY HOWE and KARINA LEE HOWE (collectively

4 | "Plaintiffs") filed a Complaint against Defendants PNC BANK, N.A. ("PNC") and HSBC BANK

5 | USA, NATIONAL ASSOCIATION as trustee for LUMINENT MORTGAGE TRUST 2007-2,

6 | MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2 ("HSBC") (collectively

7 | "Defendants") asserting eight causes of action against Defendants for: (1) wrongful foreclosure, (2)

8 | quiet title, (3) slander of title, (4) fraud, (5) cancellation of instruments, (6) violation of <u>California</u>

9 | <u>Civil Code § 2</u>924.6(c) and (d), (7) violations of California Business and Professions Code § 17200,

10 | et seq., and (8) unjust enrichment.  Defendants now move to dismiss Plaintiffs' Complaint because

11 | Plaintiffs fail to allege sufficient facts to support any claim against Defendants.

12 | **II.    SUMMARY OF FACTUAL BACKGROUND**

13 |     On or about February 20, 2007, Plaintiffs executed a Deed of Trust and Promissory Note

14 | ("Subject Loan") secured by real property located at 128 Pinheiro Circle, Novato, California  94945

15 | ("Subject Property") with National City Bank.  (Complaint ¶ 5, Exhibit A).  Plaintiffs allege that the

16 | original loan servicer was National City Bank, and the current servicer is PNC.  (Complaint ¶ 6).

17 |     Plaintiff alleges that the Subject Loan was sold to HSBC on or before May 1, 2007.

18 | (Complaint ¶ 7).

19 |     On July 19, 2010, LSI Title Company, as agent for Cal-Western Reconveyance Corporation

20 | ("Cal-Western"), recorded a Notice of Default with respect to the Subject Property.  (Complaint ¶

21 | 20, Exhibit C).

22 |     On September 14, 2010, Cal-Western recorded a Substitution of Trustee, substituting itself as

23 | trustee for National City Bank.  (Complaint ¶ 23, Exhibit D).  On June 27, 2011, Cal-Western

24 | recorded a Notice of Trustee's Sale.  (Complaint ¶ 24, Exhibit E).

25 |     On May 31, 2012, PNC executed an Assignment of Deed of Trust, transferring all beneficial

26 | interest under the Deed of Trust to HSBC.  (Complaint ¶ 25, Exhibit F).

27 |     On August 17, 2012, Cal-Western recorded a second Notice of Trustee's Sale.  (Complaint ¶

28 | 27, Exhibit G).

*WOLFE & WYMAN LLP*
*ATTORNEYS & COUNSELORS AT LAW*

W&W

1572478.1

1    Plaintiff also alleges that on September 18, 2013, PNC wrote to Plaintiffs requesting

2  additional information in order to complete the processing of their application for a loan

3  modification. (Complaint ¶¶ 28-29, Exhibit H)

4    On September 24, 2013, Cal-Western recorded a third Notice of Trustee's Sale. (Complaint,

5  ¶ 30, Exhibit I)

6  **III.    STANDARD OF REVIEW**

7    <u>Federal Rule of Civil Procedure</u> 12(b)(6) states that a party may assert a defense to a

8  complaint based on the Plaintiff's failure to state a claim upon which relief can be granted.

9  (F.R.C.P. 12(b)(6)) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

10  claim or claims stated in the complaint. (<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007))

11  As such, the court must decide whether the facts alleged, if true, would entitle Plaintiff to some form

12  of legal remedy. (<u>Id.</u>)

13    Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal

14  theory or the absence of sufficient facts alleged under a cognizable legal theory. (<u>Balistreri v.</u>

15  <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990); see also <u>Robertson v. Dean Witter</u>

16  <u>Reynolds, Co.</u>, 749 F.2d 530, 534 (9th Cir. 1984))

17    In ruling on a Rule 12(b)(6) motion, the court must construe the complaint in the light most

18  favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those

19  allegations, if proved, establish a valid claim for relief. (See <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699

20  (9th Cir. 1998); see also <u>Bell Atlantic Corp.</u>, supra, 550 U.S. 544 at 555). However, the plaintiff

21  bears the burden of pleading facts sufficient to state a claim and the court will not supply a central

22  element of a claim that a plaintiff did not plead. (<u>Richards v. Harper</u>, 864 F.2d 85, 88 (9th Cir.

23  1988))

24    A dismissal is also proper if a complaint is vague, conclusory, and fails to set forth material

25  facts in support of its allegations. (<u>Northstar International v. Arizona Corp. Commission</u>, 720 F.2d

26  578, 583 (9th Cir. 1983).) This is so because it is "plaintiff's obligation to provide the grounds of

27  her entitlement to relief which requires more than labels and conclusions, and formulaic recitation of

28  the elements of a cause of action will not do." (<u>Bell Atlantic Corp.</u>, *supra*, 550 U.S. 544 at 555.)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

2

1572478.1

1  "Under notice pleading in federal court, the complaint must 'give the defendant fair notice of

2  what the claim is and the grounds upon which it rests.'" (Id.)  A pleading is insufficient if it offers

3  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  (Id.)

4  **IV.   PLAINTIFFS' FIRST CLAIM FOR WRONGFUL FORECLOSURE FAILS**

5        The crux of Plaintiffs' allegations rest upon the securitization of the Subject Loan and the

6  subsequent assignments made regarding the Subject Loan from National City to PNC, then PNC to

7  HSBC.  Plaintiffs allege that as the Subject Loan's purported securitization was botched[1], the

8  subsequent assignments to the Securitized Trust were belated and illegal, and as such that the Note

9  was never properly assigned to the Trust, which rendered Defendants having no authority to allow

10  PNC to collect mortgage payments from Plaintiffs or appoint Cal-Western to move forward with

11  foreclosure proceedings.  (Complaint ¶¶ 7-26)  Plaintiffs further claim that HSBC have not recorded,

12  or caused to be recorded, a Notice of Default.  (Complaint ¶ )

13        While Plaintiffs provide a multitude of legal and self-serving conclusions, Plaintiffs fail to

14  provide facts sufficient to support their claims for wrongful foreclosure and as such, is subject to a

15  motion to dismiss.  (Bell Atlantic Corp., supra, 550 U.S. 544 at 555.)  Nonetheless, Plaintiffs claims

16  for wrongful foreclosure also fail for several reasons.

17        **A.   Plaintiffs' Lack Standing to Challenge the Securitization of the Subject Loan**

18        At the core of Plaintiffs allegations, Plaintiffs allege that the loan is unenforceable because it

19  was improperly securitized and, as a result, none of the Defendants were valid beneficiaries under

20  the Deed of Trust, and could not appoint Cal-Western as Trustee, or appoint PNC as the servicer of

21  the Subject Loan.  (Complaint ¶¶ 7-26)  However, Plaintiffs lack standing to challenge the purported

22  securitization of the Subject Loan.

23        Only parties to a Pooling and Servicing Agreement ("PSA") or securitization agreement have

24

25  _____

26

27  [1] Plaintiffs alternate between alleging that the Subject Loan was transferred into a Securitized Trust
   and thus, PNC and HSBC had no authority to commence foreclosure proceedings, or that due to the
   botched securitization of the Subject Loan, it was improperly transferred and thus no one had any
28  beneficial interest.

MEMORANDUM OF POINT AND AUTHORITIES      CASE NO.: CV-13-5476

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1572478.1

1  standing to challenge the loan securitization process, and a debtor who is not a party to the PSA

2  lacks standing to challenge the deed of trust's chain of ownership. This rule of law has been upheld

3  throughout California. (Gantman v. United Pacific Ins. Co. 232 Cal.App.3d 1560, 1568 (App. Ct.

4  1991); Bascos v. Federal Home Loan Mortgage Corp. 2011 WL 3157063 *6 (C.D.Cal. Jul. 22, 2011)

5  [Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an

6  investor of the loan trust]; Logvinov v. Wells Fargo Bank 2011 WL 6140995 (N.D.Cal. Dec. 9,

7  2011) [securitization creates a separate contract distinct from plaintiffs' debt obligations and does

8  not change relationship between plaintiff and lender on underlying loan]; Hague v. Wells Fargo

9  Bank, N.A. 2011 WL 6055759 at *5 (N.D.Cal. Dec. 6, 2011) [REMIC securitization does not alter

10  the Note]; Wadhwa v. Aurora Loan Services, LLC 2011 WL 2681483 *4 (E.D.Cal. July 8, 2011); In

11  re Correia 452 B.R. 319, 324 (1st Cir.BAP June 30, 2011) [debtors who are not parties to a Pooling

12  and Servicing Agreement lack standing to challenge their mortgage's chain of title].) However,

13  Plaintiffs do not allege that any representations were or were not made by any party concerning the

14  securitization of their loan.

15       Since Plaintiffs do not allege that they are a party to the PSA or a third-party beneficiary of

16  the PSA or an investor, they have failed to establish that they have standing to maintain any claim

17  relative to the securitization of the loan. (Blumhorst v. Jewish Family Services of Los Angeles 126

18  Cal.App.4th 993 (App. Ct. 2005), Powers v. Ashton 45 Cal.App.3d 783 (App. Ct. 1975)). As such,

19  Plaintiffs' first claim for wrongful foreclosure, as well their entire complaint, fail on this basis alone.

20       **B.    Transfers of Plaintiffs' Loan Do Not Affect Plaintiffs' Obligation to Make**
               **Payments**

21

22       Plaintiffs appear to be alleging that the loan is unenforceable because it was improperly

23  securitized and as such, Defendants lacked any beneficial interest to assign via the Assignments.

24  (Complaint ¶¶23-26). However, transfers of the loan have no effect on the validity or enforceability

25  of the loan. In Jenkins v. JP Morgan Chase Bank, N.A. 216 Cal.App.4th 497, 514-515 (App. Ct.

26  2013), the plaintiff alleged that there were improper transfers of the note during the securitization

27  process due to alleged non-compliance with the terms of the investment trust's pooling and servicing

28  agreement. (Id.) In rejecting this contention, the Court observed that borrowers must anticipate that

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1572478.1

1 │ their notes may be transferred, and that the transfers do not change the borrowers' obligations. The

2 │ Court also noted that the borrowers lack standing to challenge the transfers since they are unrelated

3 │ third parties unaffected by the substitution of one creditor for another. (Id. at pgs. 514-515; *see also*,

4 │ Siliga v. Mortg. Elec. Registration Sys., Inc. 219 Cal.App.4th 75, 85 (App. Ct. 2013)).

5 │ Consequently, Plaintiffs here lack standing to challenge the transfers because they were not parties

6 │ to the transaction and were not affected by the transaction. The transfer of the loan simply

7 │ substituted one creditor for another, without changing the Plaintiffs' obligations under the Note.

8 │ **C.   Assignments of Beneficial Interest Do Not Need to Be Recorded**

9 │ As a result of the "botched" securitization, Plaintiffs allege that the foreclosure is wrongful,

10 │ due to the "belated and illegal." Assignments, as they were executed and recorded after the date of

11 │ the purported Securitized Trust's closing date, which results in a violation of the PSA. (Complaint

12 │ ¶¶ 25-26; 39-40). However, there is no statutory requirement under California law which requires

13 │ the recordation of an Assignment of Deed of Trust to complete a nonjudicial foreclosure. (Herrera v.

14 │ Federal Nat. Mortg. Assn. 205 Cal.App.4th 1495 (App. Ct. 2012), Calvo v. HSBC Bank USA, N.A.

15 │ 199 Cal.App.4th 118, 120 (App. Ct. 2011)). The rational for this holding is understood by the Court

16 │ of Appeal's holding in Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256 (App. Ct. 2011).

17 │ The Fontenot Court stated as follows:

18 │     Plaintiff rests her argument on the documents in the public record, but **assignments**
   │     **of debt**, as opposed to assignments of the security interest incident to the debt, are
19 │     commonly not recorded. The lender could readily have assigned the promissory note
   │     to HSBC in an unrecorded document that was not disclosed to plaintiff. To state a
20 │     claim, plaintiff was required to allege not only that the purported MERS assignment
   │     was invalid, but also that HSBC did not receive an **assignment of the debt** in any
21 │     other manner. There is no such allegation. Id. At p. 270 [Emphasis added.]

22 │ For essentially this reason, the actual transfer of a beneficial interest under a deed of trust

23 │ could have occurred years before the assignment is actually recorded. (Wilson v. Pac. Coast Title

24 │ Ins. Co 106 Cal.App.2d 599, 602 (App. Ct. 1951) (assignment of beneficial interest under the deed

25 │ of trust three years prior to recording it "was a valid transfer of title.") As such, Plaintiffs'

26 │ allegations regarding the purported belated transfer of the Subject Loan to the purported Securitized

27 │ Trust must fail as well.

28 │ ///

MEMORANDUM OF POINT AND AUTHORITIES      CASE NO.: CV-13-5476

1572478.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1    **D.    Plaintiffs' Wrongful Foreclosure Claim is Premature**

2    Additionally, Plaintiffs' wrongful foreclosure claim is also premature because no foreclosure

3    sale has taken place. (Complaint ¶ A).  In Melendrez v. D & I Investment, Inc. 127 Cal.App.4th

4    1238, 1258, (App. Ct. 2005) the appellate court observed that "A nonjudicial foreclosure sale is

5    accompanied by a common law presumption that it 'was conducted regularly and fairly.'"  (Id.,

6    *quoting* Brown v. Busch 152 Cal.App.2d 200, 204 (App. Ct. 1957); Stevens v. Pulumas Eureka

7    Annex Min. Co. 2 Cal.2d 493, 497 (App. Ct. 1935)).  The court noted that "This presumption may

8    only be rebutted by substantial evidence of prejudicial procedural irregularity." (Id., *citing* 6

9    Angeles, Inc. v. Stuart-Wright Mortgage, Inc. 85 Cal.App.4th 1279, 1284  (App. Ct. 2001)).

10   Further, the court ruled that "It is the burden of the party challenging the trustee's sale to prove such

11   irregularity and thereby overcome the presumption of the sale's regularity." (Id.)  Notably, "a

12   trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there *has*

13   *been* an illegal, fraudulent or willfully oppressive sale of property under a power of sale contained in

14   a mortgage or deed of trust." (Munger v. Moore 11 Cal. App. 3d 1, 7 [emphasis added] (1970).)  As

15   no sale has taken place, Plaintiffs' claims are premature.

16   **E.    Plaintiffs' Fail to Provide Facts Showing a Prejudicial Procedural Irregularity**

17   Finally, Plaintiffs have failed to provide any facts showing a prejudicial procedural

18   irregularity.  While Plaintiffs have alleged that the assignments were fraudulent, as they were belated

19   and illegal, that Cal-Western could not have been appointed as the trustee, and that there was no

20   notice of default filed by HSBC, Plaintiffs fail to allege any facts showing any prejudicial procedural

21   irregularity.  As such, Plaintiffs' claims for wrongful foreclosure also fail.

22   **V.    PLAINTIFFS' SECOND CLAIM FOR QUIET TITLE FAILS**

23   Plaintiffs' second claim for quiet title is also based upon Plaintiffs' erroneous botched

24   securitization theory and purported "illegal and belated" assignment theory.  As such, these claims

25   should fail solely based on the reasons stated above.

26   Furthermore, as Plaintiffs are also seeking to quiet title, Plaintiffs fail to allege that they

27   tendered payment of the amount owed.  Plaintiff cannot state a claim to quiet title without offering to

28   pay the full amount of the debt for which the property was security. (Aguilar v. Bocci, 39

6

1572478.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1  Cal.App.3d 475, 476 (App. Ct. 1974)) [holding Plaintiff could not quiet title without discharging his
2  debt and a cloud upon his title would persist until the debt was paid]; *also see*, Mix v. Sodd,126
3  Cal.App.3d 386, 390  (App. Ct. 1991) [noting that it is well established that no quiet title action can
4  be stated without paying debt even where debt is otherwise unenforceable].).  Here, Plaintiffs admit
5  that they received proceeds from the Subject Loan in order to purchase the Subject Property.
6  (Complaint ¶ 5).  However, Plaintiffs fail to allege any facts that they have tendered or are able,
7  willing, and able, to tender the full amount owed.  As such, Plaintiffs' claim for quiet title should be
8  dismissed.

9  **VI.    PLAINTIFFS' THIRD CLAIM FOR SLANDER OF TITLE FAILS**

10         Plaintiffs' slander of title claims, like the rest of Plaintiffs' Complaint, rest upon their
11  erroneous securitization theory, and "illegal and belated" assignment theory, and as such, fail to state
12  a claim against Defendants for which relief can be granted.

13         Further, slander of title, is a false and unprivileged disparagement, oral or written, of the title
14  to real or personal property, resulting in actual pecuniary damage.  (Gudger v. Manton 21 Cal.2d
15  537, 541 (App. Ct. 1943), *disapproved on other grounds* in Albertson v. Raboff 46 Cal.2d 375, 381
16  (App. Ct. 1956).)  Because the action for disparagement is based on pecuniary damage, it lies only
17  where the damage has been suffered.  (Appel v. Burman 159 Cal.App.3d 1209, 1214 (App. Ct.
18  1984).)  In Burkett v. G. J. Griffith 90 App. Ct. 532, 537 (App. Ct. 1891), the California Supreme
19  Court explained that a cause of action of action for slander of title must set out facts in the complaint
20  showing how the publication was false and must set forth facts with particularity as to how Plaintiff
21  has been damaged by the publication.

22         As discussed above, Plaintiffs' allegations that Defendants recorded fraudulent assignments
23  based upon an improper securitization of the Subject Loan is unfounded.  Further, while Plaintiffs
24  provide many legal conclusions, Plaintiffs fail to plead <u>any</u> facts showing that said publications were
25  done with malice, and how a third party relied upon the recordings.  Finally, Plaintiffs fail to allege
26  pecuniary loss, as Plaintiffs, while alleging that PNC had no authority to collect Plaintiffs' loan
27  payments, fails to allege that they have been making payments to another entity for the Subject
28  Loan, or that another entity has requested payments on the Subject Loan, or threatened Plaintiffs

7

1572478.1

1   with foreclosure proceedings.  As such, Plaintiffs' claim for slander of title fails.

2   **VII.   PLAINTIFFS' FOURTH CLAIM FOR FRAUD FAILS**

3          In addition to Plaintiffs' erroneous securitization and alleged subsequent fraudulent

4   assignment theory, Plaintiffs' fraud claim fails for a multitude of reasons.

5          **A.      Plaintiffs Fail to Plead Sufficient Facts to Establish the Essential Elements of
6                    Fraud**

7          The essential elements of fraud are:  (1) misrepresentation (false representation, concealment,

8   or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e., to induce

9   reliance; (4) justifiable reliance; and (5) resulting damage.  (Buckland v. Threshold Enterprises, Ltd.,

10  155 Cal.App.4th 798, 807 (App. Ct. 2007).)

11         In this case, Plaintiffs alleges two specific, separate frauds:  the alleged fraudulent

12  assignments as well as fraudulent statements arising out of a PNC correspondence regarding

13  Plaintiffs' loan modification.  (Complaint ¶¶ 59-70).  However, as noted above, Plaintiffs fail to

14  allege facts demonstrating that there was any misrepresentation, knowledge of falsity, or intent to

15  defraud.  Furthermore, Plaintiffs fail to allege any facts supporting any resulting damages with

16  respect to the alleged fraudulent assignments, as Plaintiffs lack standing to challenge the

17  securitization of their loan, assignments do not need to be recorded at the time of transfer, as well as

18  the transfer of the loan does not relieve Plaintiffs of their requirements to make payments under the

19  terms of the Subject Loan.

20         Additionally, with respect to the allegations regarding PNC's correspondence regarding

21  Plaintiffs' loan modification, Plaintiffs again fail to allege facts demonstrating justifiable reliance

22  and resulting damages.  Plaintiffs allege that PNC misrepresented to Plaintiffs that they were in loan

23  modification negotiations, however foreclosure proceedings continued.  Nowhere in Plaintiffs'

24  Complaint do Plaintiffs allege facts that PNC represented that they were not going to proceed with

25  foreclosure proceedings.  Furthermore, Plaintiffs do not allege any resulting damage, as Plaintiffs

26  admit no Trustee's Sale has gone forward.  (Complaint ¶ A).  As such, Plaintiffs fail to plead

27  sufficient facts to support their claim for fraud.

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

8

1572478.1

## VIII.   **PLAINTIFFS' FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS**

Plaintiffs' Complaint seeks to cancel the Deed of Trust, Note, two Assignments, one Substitution, one Notice of Default, and one Notice of Trustee's Sale.

California Civil Code § 3412 provides:

A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.

To state a cause of action for cancellation, a plaintiff must specifically allege facts demonstrating the invalidity of the written instrument. (Wolfe v. Lipsy, 163 Cal.App.3d 633, 638 (App. Ct. 1985).)  An instrument which does not cause material injury is not subject to cancellation. (North Pac. S.S. Co. v. Terminal Inv. Co., 43 Cal.App. 182 (App. Ct. 1919).)

Further, California Civil Code § 3412 requires that the written instrument be against a person to whom it is void or voidable.  "As a general rule a party to the contract or a privy thereto, and he alone, is entitled to maintain a suit to cancel or rescind it, and one who is a stranger to, or has no interest in, the subject matter of the suit is not ordinarily entitled to such relief." (Reina v. Erassarret, 90 Cal.App.2d 418, 423-424 (App. Ct. 1949).)  Even the maker of a note has no right to contest the existence of consideration for the assignment of a note as between the original holder and its transferee. (Anderson v. Wickliffe, 178 Cal. 120, 121-122 (App. Ct. 1918).)

In this case, Plaintiffs' claims that the documents are purportedly defective because the neither PNC nor HSBC recorded documents showing any legally effective assignment of the Deed of Trust, based upon Plaintiffs' improper securitization theory.  However, Plaintiffs are not alleged to be party to the Assignments, the Substitution, or the Trustee's Deed.  As such, Plaintiff lacks standing to cancel the documents.

Furthermore, Plaintiffs' claims that the Deed of Trust and Note should be cancelled also fail, as Plaintiffs fail to allege facts demonstrating that said Deed of Trust and Note are void or voidable. As such, Plaintiffs' claims for cancellation of the Deed of Trust and Note also fails.

Additionally, as Plaintiffs' seek to basically rescind the Deed of Trust and Note, a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from

MEMORANDUM OF POINT AND AUTHORITIES     CASE NO.: CV-13-5476

1572478.1

1    defendant under the agreement. (<u>Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc.</u> 121

2    Cal.App.3d 447, 457 (App. Ct. 1981)). Here, Plaintiffs has not offered to restore any entity; rather,

3    Plaintiffs appear to seek to take title free and clear to the Subject Property without any repayment of

4    the Subject Loan.

5           Finally, as the Deed of Trust and Promissory Note are written contracts, it is subject to the

6    four-year statute of limitations of California <u>Code of Civil Procedure</u> § 337. Plaintiffs clearly state

7    that they executed the Deed of Trust and Promissory Note on February 20, 2007 – over six years

8    prior to the initiation of the instant lawsuit. (Complaint ¶ 5). As such, Plaintiffs' claim for

9    cancellation of these instruments also is also significantly time-barred.

10          Based upon these foregoing reasons, the Court should grant the Motion to Dismiss the

11   purported cancellation claim.

12   **IX.    PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE §**

13          **2923.6 FAILS**[2]

14          Plaintiffs allege a violation of <u>California Civil Code</u> § 2923.6(c)(d), which are new

15   provisions added by the California Homeowner's Bill of Rights ("HBOR"), based upon allegations

16   of purported "dual-tracking" with respect to Plaintiffs' loan modification and the foreclosure sale.

17   (Complaint ¶¶76-82).

18          <u>California Civil Code</u> 2923.6(c) provides in pertinent part as follows:

19          (c) If a borrower submits a complete application for a first lien loan modification
            offered by, or through, the borrower's mortgage servicer, a mortgage servicer,
20          mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of
            default or notice of sale, or conduct a trustee's sale, while the complete first lien
21          loan modification application is pending. A mortgage servicer, mortgagee, trustee,
            beneficiary, or authorized agent shall not record a notice of default or notice of
22          sale or conduct a trustee's sale until any of the following occurs:

23          (1) The mortgage servicer makes a written determination that the borrower is not
            eligible for a first lien loan modification, and any appeal period pursuant to
24          subdivision (d) has expired.

25

26   ─────────────────

27   [2] While Plaintiffs cite California <u>Civil Code</u> § 2924.6(c) and (d), Plaintiffs appear to be quoting from
     California <u>Civil Code</u> § 2923.6(c) and (d). As such, this Motion presumes that Plaintiffs are
28   complaining of a violation of California Civil Code § 2923.6.

**MEMORANDUM OF POINT AND AUTHORITIES    CASE NO.: CV-13-5476**

1572478.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1
(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

2

3
(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

4

5
However, pursuant to California Civil Code § 2924.15(a):

6
(a) Unless otherwise provided, paragraph (5) of subdivision (a) of Section 2924,

7
and Sections 2923.5, 2923.55, **2923.6**, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four

8
dwelling units. For these purposes, "owner-occupied" means that the property is the principal residence of the borrower and is security for a loan made for

9
personal, family, or household purposes. (emphasis added).

10
In this matter, Plaintiffs fail to allege that the Subject Property was owner occupied.  As

11
such, Plaintiffs fail to allege facts to support their claim that PNC violated California Civil Code §

12
2923.6(c).  Thus, Plaintiffs' sixth claim also fails.

13
## X.   PLAINTIFFS' SEVENTH CLAIM FOR VIOLATION OF BUS. & PROFS. CODE

14
## §17200 FAILS

15
Plaintiffs' Seventh Claim alleges a violation of the Business and Professions Code §17200

16
("UCL") under the unfair, unlawful, and fraudulent prongs.  The UCL is written in the disjunctive,

17
as it establishes three varieties of unfair competition—unlawful, unfair, or fraudulent business

18
practices.  (Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. 20 Cal.4th 163,

19
181 (App. Ct. 1999).)

20
### A.   Plaintiffs Fail to Allege a Claim Under the Unlawful Prong

21
To allege a business practice is unlawful, Plaintiffs must allege a predicate statute.  In

22
support of their claim under the unlawful prong of section 17200, Plaintiffs appear to be alleging that

23
several statutes were breached, although they fail to allege facts supporting each breach.  For

24
instance, Plaintiffs conclusorily allege Defendants failed to comply with: California Civil Code §§

25
1572, 1708, 1709, 2924(a)(1), 2924(a)(1)(C), 2924(b)(c) (d), 2934(a)(1)(A), and California Penal

26
Code § 115.  (Complaint ¶85(a)-(g).)  However, in addition to the arguments discussed above, there

27
are no facts to support that there was any such violation.  Thus, Plaintiffs' allegations do not support

28
any violation of the unlawful prong of Business and Professions Code § 17200.

11

1572478.1

**B.     Plaintiffs Fail to Allege a Claim Under the Unfair Prong**

To allege a business practice is unfair, plaintiff must allege the "conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" (Byars v. SCME Mortgage Bankers 109 Cal.App.4th 1134, 1147 (App. Ct. 2003).) In the alternative, a practice is unfair if it violates public policy that is "tethered" to specific constitutional, statutory or regulatory provisions. (Scripps Clinic v. Superior Court 108 Cal.App.4th 917 (App. Ct. 2003)).

Here, Plaintiffs appear to rest their unfair claim on their botched securitization theory, and "illegal and belated" assignments. These allegations do not relate to a specific constitutional, statutory or regulatory provision, nor do the allegations support any conduct that violates antitrust law. As discussed above, the statutes which are cited (with no supporting facts alleging how they were breached) are not sufficient to maintain any claim against these Defendants. Accordingly, Plaintiffs' allegations do not support any violation of the unfair prong of Business and Professions Code §17200.

**C.     Plaintiff Fails to Allege a Claim Under the Fraudulent Prong**

The general test for whether an act is considered "fraudulent" under section 17200 is whether members of the general public are likely to be deceived. (Committee on Children's TV v. General Foods Corp. 35 Cal. 3d 197, 211 (App. Ct. 1983)). As a derivative cause of action, a claim for unfair business practices under § 17200 is only as valid as the underlying allegations relating to the "borrowed" causes of action. (DiPirro v. American Isuzu Motors, Inc. 119 Cal.App.4th 966 (App. Ct. 2004).) A "defendant cannot be liable under section 17200 for committing 'unlawful business practices' without having violated another law." (Ingles v. Westwood One Broadcasting Services, Inc. 129 Cal.App.4th 1050, 1060 (App. Ct. 2005)) "Where a[n unfair competition law] claim is derivative of another claim that fails as a matter of law, the UCL claim must similarly fail." (Nein v. HostPro, Inc. 174 Cal.App.4th 833, 841 (App. Ct. 2009).)

As discussed above, Plaintiffs have failed to state any cause of action against these Defendants. Dismissal of the section 17200 claim is thus proper. Furthermore, Plaintiffs'

12

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

572478.1

1  allegations that the general public was harmed is a conclusory allegation without any supporting

2  facts alleged.

3      For these reasons, the Complaint is devoid of any factual allegations to support the fraudulent

4  prong of the unfair business practices prong of an unfair business practices claim.

5  **XI.    PLAINTIFFS' EIGHTH CLAIM FOR UNJUST ENRICHMENT FAILS**

6      Plaintiffs cannot state a claim for unjust enrichment because unjust enrichment is not a cause

7  of action, but rather a general principal underlying various legal doctrines and remedies. (McBride

8  v. Boughton 123 Cal. App. 4th 379, 387 (App. Ct. 2004); Melchior v. New Line Prods., Inc. 106

9  Cal.App.4th 779-793 (App. Ct. 2003).) As such, Plaintiffs' claim should fail on this basis alone.

10     Further, to allege on a cause of action for restitution, Plaintiff must show: "'[a]n individual is

11  required to make restitution if he or she is unjustly enriched at the expense of another.'" (McBride

12  v. Boughton 123 Cal.App.4th 379, 389 (App. Ct. 2004)). However, the fact that a person receives

13  benefits from another "is not, by itself, sufficient to require restitution." (Id.). A defendant is only

14  required to make restitution if the enrichment is unjust. (Id.; Enterprise Leasing Corp. v. Shugart

15  Corp. 231 Cal.App.3d 737, 748 (App. Ct. 1991)).

16     Here, Plaintiff's Complaint does not contain any specific facts that PNC was unjustly

17  enriched. As discussed above, Plaintiffs' allegations that PNC had no right to collect mortgage

18  payments on the Subject Loan based upon Plaintiffs' erroneous theories are incorrect. Plaintiffs also

19  do not plead any facts suggesting PNC was being unjustly enriched at the expense of Plaintiffs:

20  Plaintiffs do not allege any facts that they were making payments to another entity as well for the

21  Subject Loan, or that PNC was not crediting the mortgage payments to the Subject Loan. Thus,

22  Plaintiffs' unjust enrichment claim also must fail as they have not plead sufficient facts to support

23  such a claim.

24     Finally, a claim for unjust enrichment is generally precluded "when an enforceable, binding

25  agreement exists defining the rights of the parties." (Paracor Fin. v. Gen. Elec. Capital Corp. 96

26  F.3d 1151, 1167 (9th Cir. 1996).) As discussed above, Plaintiffs' knowledge or consent to the

27  transfer of the loan does not change their obligations under the Subject Loan. As such, in light of the

28  written, binding and enforceable Subject Loan documents executed by Plaintiffs and attached and

1   incorporated into the Complaint as Exhibit A, Defendants' motion should be sustained.

2   **XII.    CONCLUSION**

3          Based on all of the foregoing reasons, those to be set forth in the reply (if any), and at oral

4   argument on this matter, Defendants respectfully requests that the Court grant its Motion to Dismiss

5   Plaintiffs' Complaint in its entirety.

6

7   DATED: January 21, 2014                          WOLFE & WYMAN LLP

8

9                                                    By: _____
                                                          BRIAN H. GUNN
10                                                        MEAGAN S. TOM
                                                     Attorneys for Defendants
11                                                   **PNC BANK, N.A. and HSBC BANK USA,**
                                                     **NATIONAL ASSOCIATION as trustee for**
12                                                   **LUMINENT MORTGAGE TRUST 2007-2,**
                                                     **MORTGAGE PASS-THROUGH**
13                                                   **CERTIFICATES,SERIES 2007-2**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

MEMORANDUM OF POINT AND AUTHORITIES    CASE NO.: CV-13-5476

1572478.1

**PROOF OF SERVICE**

| | |
|---|---|
| **STATE OF CALIFORNIA** ) | |
| ) **ss.** | |
| **COUNTY OF CONTRA COSTA** ) | |

I, Joni M. Wilson, declare:  I am employed in the County of Contra Costa, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2175 North California Blvd., Suite 645, Walnut Creek, California 94596-3502.

On the date shown below, I served the document(s) described as **DEFENDANTS PNC BANK, N.A.'S HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2 NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐     **BY MAIL**: as follows:

    ☐     **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒     **BY ELECTRONIC MAIL** as follows:  I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case.  Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐     **BY PERSONAL SERVICE** as follows:  I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐     **BY OVERNIGHT COURIER SERVICE** as follows:   I caused such envelope to be delivered by overnight courier service to the offices of the addressee.   The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐     **BY FACSIMILE** as follows:  I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number.  The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒     **FEDERAL**     I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on January 2⅟, 2014, at Walnut Creek, California.

<span style="margin-left:3em">_Joni M. Wilson_</span>
<span style="margin-left:4em">Joni M. Wilson</span>

1555938.1

1
2
3

**SERVICE LIST**
**Northern District Court, Case No.: 3:13-cv-05476-JSW**
**HOWE v. PNC BANK, N.A., ET AL.**
**W&W File No. 1264-551**
**[Revised:  12/12/2013]**

4
5
6
7

| | |
|---|---|
| Charles Thomas Marshall<br>LAW OFFICES OF CHARLES T. MARSHALL<br>415 Laurel Street, #405<br>San Diego, CA 92101 | **Attorney for Plaintiffs**<br>**PERRY HOWE and KARINA HOWE**<br>Tel: (619) 807-2628<br>Fax: (866) 575-7413<br>Email: cmarshall@marshallestatelaw.com |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1555938.1