1  **Brian H. Gunn (SBN 192594)**
   *bhgunn@wolfewyman.com*
2  **Meagan S. Tom (SBN 273489)**
   *mstom@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2175 N. California Blvd., Suite 645**
4  **Walnut Creek, California 94596-3502**
   **Telephone:  (925) 280-0004**
5  **Facsimile:   (925) 280-0005**

6  **Attorneys for Defendants**
   **PNC BANK, N.A. and HSBC BANK USA,**
7  **NATIONAL ASSOCIATION as trustee for**
   **LUMINENT MORTGAGE TRUST 2007-2,**
8  **MORTGAGE PASS-THROUGH CERTIFICATES,**
   **SERIES 2007-2**

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                          **OAKLAND DIVISION**

13  PERRY HOWE and KARINA LEE HOWE,          Case No.: CV-13-5476-JSW

14              Plaintiffs,                  **DEFENDANTS PNC BANK, N.A. AND**
                                             **HSBC BANK USA, NATIONAL**
15      v.                                   **ASSOCIATION AS TRUSTEE FOR**
                                             **LUMINENT MORTGAGE TRUST 2007-2,**
16  PNC BANK, N.A. and HSBC BANK USA,        **MORTGAGE PASS-THROUGH**
    NATIONAL ASSOCIATION as trustee for      **CERTIFICATES, SERIES 2007-2'S**
17  LUMINENT MORTGAGE TRUST 2007-2,          **NOTICE OF MOTION AND MOTION TO**
    MORTGAGE PASS-THROUGH                    **DISMISS PLAINTIFFS' FIRST AMENDED**
18  CERTIFICATES, SERIES 2007-2,             **COMPLAINT**

19              Defendants.                  Date:      July 11, 2014
                                             Time:      9:00 a.m.
20                                           Place:     Courtroom 5, 2nd Floor

21                                           Hon. Jeffrey S. White

22

23  **TO THE COURT AND ALL PARTIES:**

24          **PLEASE TAKE NOTICE** that, on July 11, 2014 at 9:00 a.m. in Courtroom 5, 2nd Floor of

25  the court located at 1301 Clay Street, Oakland, California, Defendants PNC BANK, N.A. and HSBC

26  BANK USA, NATIONAL ASSOCIATION as trustee for LUMINENT MORTGAGE TRUST 2007-

27  2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2 (collectively, "Defendants")

28  will move the Court pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), for an order

*WOLFE & WYMAN LLP*
*ATTORNEYS & COUNSELORS AT LAW*

1661981.1

1  dismissing Plaintiffs PERRY HOWE and KARINA LEE HOWE's (collectively, "Plaintiffs") First

2  Amended Complaint filed on March 31, 2014.

3       Defendants move to dismiss Plaintiffs' First Amended Complaint without leave to amend on

4  the grounds that Plaintiffs fail to state a claim upon which relief may be granted as set forth in

5  Federal Rules of Civil Procedure, Rule 12(b)(6).

6       The motion to dismiss is based on this notice of motion and motion, the supporting

7  memorandum of points and authorities, all judicially noticed matters, all pleadings and papers on file

8  in this action, on the reply (if any), and on any and such further oral and documentary evidence as

9  may be presented at the hearing on this matter.

10

11  DATED:  April 16, 2014           WOLFE & WYMAN LLP

12

13                      By:    /s/ Meagan S. Tom  SBN 273489

14                          BRIAN H. GUNN

15                          MEAGAN S. TOM

                   Attorneys for Defendants

                   **PNC BANK, N.A. and HSBC BANK USA,**

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS - **CASE NO.: CV-13-5476**

1661981.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF FACTUAL BACKGROUND ............................................................ 1

III. STANDARD OF REVIEW ......................................................................................... 2

IV. PLAINTIFFS' FIRST CLAIM FOR WRONGFUL FORECLOSURE AGAIN FAILS ......... 3

    A. Plaintiffs' Lack Standing to Challenge the Securitization of the Subject Loan ........... 4

    B. Transfers of Plaintiffs' Loan Do Not Affect Plaintiffs' Obligation to Make Payments ........................................................................................................ 5

    C. Assignments of Beneficial Interest Do Not Need to Be Recorded .................... 5

    D. The Uniform Commercial Code and California Commercial Code are Inapplicable to California Non-Judicial Foreclosure Proceedings ..................... 6

    E. Plaintiffs' Wrongful Foreclosure Claim is Premature .................................... 7

    F. Plaintiffs' Fail to Provide Facts Showing a Prejudicial Procedural Irregularity ........... 7

V. PLAINTIFFS' SECOND CLAIM FOR QUIET TITLE FAILS ................................ 8

VI. PLAINTIFFS' THIRD CLAIM FOR SLANDER OF TITLE FAILS ........................ 8

VII. PLAINTIFFS' FOURTH CLAIM FOR FRAUD FAILS ........................................... 9

    A. Plaintiffs Fail to Plead Sufficient Facts to Establish the Essential Elements of Fraud ................................................................................................... 9

VIII. PLAINTIFFS' FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS ........ 10

IX. PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF BUS. & PROF. CODE §17200 FAILS ............................................................................................ 11

    A. Plaintiffs Fail to Allege a Claim Under the Unlawful Prong ....................... 12

    B. Plaintiffs Fail to Allege a Claim Under the Unfair Prong ........................... 12

    C. Plaintiff Fails to Allege a Claim Under the Fraudulent Prong ..................... 13

X. PLAINTIFFS' SEVENTH CLAIM FOR UNJUST ENRICHMENT FAILS ............. 13

XI. PLAINTIFFS' EIGHTH CLAIM FOR BREACH OF CONTRACT FAILS ............. 14

    A. There is No Agreement between the Parties to Negotiate a Loan Modification ......... 14

    B. Plaintiffs Fail to Allege Any Breach by PNC ............................................ 16

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1

**TABLE OF CONTENTS**

Page

C.      Plaintiffs Fail to Allege Resulting Damages..................................................................16

XII.    CONCLUSION..................................................................................................................17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

MEMORANDUM OF P& A'S ISO MOTION TO DISMISS FAC

1661981.1

1

**TABLE OF AUTHORITIES**

2

Page

Cases

3

6 Angeles, Inc. v. Stuart-Wright Mortgage, Inc.
    85 Cal.App.4th 1279, 1284  (App. Ct. 2001) ........................................... 7

4

Aguilar v. Bocci,
    39 Cal.App.3d 475, 476 (App. Ct. 1974) .............................................. 8

5

6

Albertson v. Raboff
    46 Cal.2d 375, 381 (App. Ct. 1956) .................................................. 8

7

8

Amtower v. Photon Dynamics, Inc.,
    158 Cal.App.4th 1582, 1599 (2008) ................................................ 16

9

Anderson v. Wickliffe,
    178 Cal. 120, 121-122 (App. Ct. 1918) .............................................. 10

10

Appel v. Burman
    159 Cal.App.3d 1209, 1214 (App. Ct. 1984) ........................................ 8

11

12

Balistreri v. Pacifica Police Dept.,
    901 F.2d 696, 699 (9th Cir. 1990) .................................................... 2

13

Bascos v. Federal Home Loan Mortgage Corp.
    2011 WL 3157063 *6 (C.D.Cal. Jul. 22, 2011).................................... 4

14

15

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 555 (2007) ....................................................... 2, 3

16

Blumhorst v. Jewish Family Services of Los Angeles
    126 Cal.App.4th 993 (App. Ct. 2005) ................................................ 4

17

18

Brown v. Busch
    152 Cal.App.2d 200, 204 (App. Ct. 1957) .......................................... 7

19

Buckland v. Threshold Enterprises, Ltd.,
    155 Cal.App.4th 798, 807 (App. Ct. 2007) ........................................ 9

20

21

Burkett v. G. J. Griffith
    90 App. Ct. 532, 537 (App. Ct. 1891) ............................................... 8

22

Byars v. SCME Mortgage Bankers
    109 Cal.App.4th 1134, 1147 (App. Ct. 2003) ..................................... 12

23

24

Calvo v. HSBC Bank USA, N.A.
    199 Cal.App.4th 118, 120 (App. Ct. 2011) ........................................ 5

25

CDF Firefighters v. Maldonado,
    158 Cal.App.4th 1226, 1239 (2008) ................................................ 14

26

27

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.
    20 Cal.4th 163, 181 (App. Ct. 1999) ................................................ 11

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

**TABLE OF AUTHORITIES**

Page

Committee on Children's TV v. General Foods Corp.
  35 Cal. 3d 197, 211 (App. Ct. 1983) ............................................................ 13

DiPirro v. American Isuzu Motors, Inc.
  119 Cal.App.4th 966 (App. Ct. 2004). ......................................................... 13

Enterprise Leasing Corp. v. Shugart Corp.
  231 Cal.App.3d 737, 748 (App. Ct. 1991)) .................................................. 13

Fontenot v. Wells Fargo Bank, N.A.,
  198 Cal.App.4th 256 (App. Ct. 2011) ............................................................ 5

Gantman v. United Pacific Ins. Co.
  232 Cal.App.3d 1560, 1568 (App. Ct. 1991 .................................................. 4

Gudger v. Manton
  21 Cal.2d 537, 541 (App. Ct. 1943) ............................................................... 8

Hague v. Wells Fargo Bank, N.A. 2011 WL 6055759 at *5 (N.D.Cal. Dec. 6, 2011)
  [REMIC securitization does not alter the Note] ............................................. 4

Herrera v. Federal Nat. Mortg. Assn.
  205 Cal.App.4th 1495 (App. Ct. 2012) .......................................................... 5

In re Correia
  452 B.R. 319, 324 (1st Cir.BAP June 30, 2011) ............................................. 4

Ingles v. Westwood One Broadcasting Services, Inc.
  129 Cal.App.4th 1050, 1060 (App. Ct. 2005) ............................................... 13

Jenkins v. JP Morgan Chase Bank, N.A.
  216 Cal.App.4th 497, 514-515 (App. Ct. 2013) ............................................. 5

Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal.App.4th 1, 5 (2007) ............................ 15

Logvinov v. Wells Fargo Bank
  2011 WL 6140995 (N.D.Cal. Dec. 9, 2011) ................................................... 4

McBride v. Boughton
  123 Cal. App. 4th 379, 387 (App. Ct. 2004) ................................................ 13

McClain v. Octagon Plaza, LLC,
  159 Cal.App.4th 784, 799 (2008) ................................................................ 16

Melchior v. New Line Prods., Inc.
  106 Cal.App.4th 779-793 (App. Ct. 2003) ................................................... 13

Melendrez v. D & I Investment, Inc.
  127 Cal.App.4th 1238, 1258, (App. Ct. 2005) ............................................... 7

Mix v. Sodd,
  126 Cal.App.3d 386, 390  (App. Ct. 1991) .................................................... 8

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1661981.1

# TABLE OF AUTHORITIES

Page

Munger v. Moore
 11 Cal. App. 3d 1, 7 [emphasis added] (1970) ............................................................ 7

Nein v. HostPro, Inc.
 174 Cal.App.4th 833, 841 (App. Ct. 2009) ...................................................... 13

North Pac. S.S. Co. v. Terminal Inv. Co.,
 43 Cal.App. 182 (App. Ct. 1919) .................................................................... 10

Northstar International v. Arizona Corp. Commission,
 720 F.2d 578, 583 (9th Cir. 1983) .................................................................... 3

Otworth v. Southern Pacific Transportation Company,
 166 Cal.App.3d 452, 459 (1985) ...................................................................... 15

Paracor Fin. v. Gen. Elec. Capital Corp.
 96 F.3d 1151, 1167 (9th Cir. 1996) .................................................................. 14

Pareto v. F.D.I.C.,
 139 F.3d 696, 699 (9th Cir. 1998 ...................................................................... 2

Powers v. Ashton
 45 Cal.App.3d 783 (App. Ct. 1975)) ................................................................ 4

Reina v. Erassarret,
 90 Cal.App.2d 418, 423-424 (App. Ct. 1949) .................................................. 10

Richards v. Harper,
 864 F.2d 85, 88 (9th Cir. 1988) ........................................................................ 2

Robertson v. Dean Witter Reynolds, Co.,
 749 F.2d 530, 534 (9th Cir. 1984) .................................................................... 2

Scripps Clinic v. Superior Court
 108 Cal.App.4th 917 (App. Ct. 2003)) ............................................................. 12

Siliga v. Mortg. Elec. Registration Sys., Inc.
 219 Cal.App.4th 75, 85 (App. Ct. 2013) .......................................................... 5

Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc.
 121 Cal.App.3d 447, 457 (App. Ct. 1981) ........................................................ 11

Stevens v. Pulumas Eureka Annex Min. Co.
 2 Cal.2d 493, 497 (App. Ct. 1935) ................................................................... 7

Wadhwa v. Aurora Loan Services, LLC
 2011 WL 2681483 *4 (E.D.Cal. July 8, 2011) ................................................. 4

Wilson v. Pac. Coast Title Ins. Co
 106 Cal.App.2d 599, 602 (App. Ct. 1951) ........................................................ 6

Wolfe v. Lipsy,
 163 Cal.App.3d 633, 638 (App. Ct. 1985) ........................................................ 10

MEMORANDUM OF P& A'S ISO MOTION TO DISMISS FAC

1661981.1

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Statutes**

<u>Business and Professions Code</u> §1700.................................................................................. 1

<u>Business and Professions Code</u> §17200............................................................................ 14, 15

<u>California Civil Code</u> § 3412 ............................................................................................... 12

<u>California Penal Code</u> § 115 ................................................................................................ 15

<u>Code of Civil Procedure</u> § 337 ........................................................................................... 14

<u>Federal Rule of Civil Procedure</u> 12(b)(6) ............................................................................ 2

1661981.1

<div style="text-align:left; font-weight:bold; font-style:italic; writing-mode:vertical-rl;">WOLFE & WYMAN LLP</div>
ATTORNEYS & COUNSELORS AT LAW

W&W

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On March 31, 2014, Plaintiffs PERRY HOWE and KARINA LEE HOWE (collectively "Plaintiffs") filed a First Amended Complaint ("FAC") against Defendants PNC BANK, N.A. ("PNC") and HSBC BANK USA, NATIONAL ASSOCIATION as trustee for LUMINENT MORTGAGE TRUST 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2 ("HSBC") (collectively "Defendants") asserting eight claims against Defendants for: (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) fraud, (5) cancellation of instruments, (6) violations of California Business and Professions Code §1700, *et seq*. ("UCL"), (7) unjust enrichment, and (8) a new claim for breach of contract.

Despite being granted leave to amend to allege facts in support of a theory other than the securitization of the mortgage to challenge the foreclosure proceedings, Plaintiffs claims continue to mainly rely on this theory.  As such, Defendants again move to dismiss Plaintiffs' FAC without leave to amend because Plaintiffs again fail to allege sufficient facts to support any claim against Defendants.

## II.   SUMMARY OF FACTUAL BACKGROUND

On or about February 20, 2007, Plaintiffs executed a Deed of Trust and Promissory Note ("Subject Loan") secured by real property located at 128 Pinheiro Circle, Novato, California  94945 ("Subject Property") with National City Bank.  (FAC ¶ 5, Exhibit A).  Plaintiffs allege that the original loan servicer was National City Bank, and the current servicer is PNC.  (FAC ¶ 6).

Plaintiff alleges that the Subject Loan was sold to HSBC on or before May 1, 2007.  (FAC ¶ 7).

On July 19, 2010, LSI Title Company, as agent for Cal-Western Reconveyance Corporation ("Cal-Western"), recorded a Notice of Default with respect to the Subject Property.  (FAC ¶ 20, Exhibit C).

On September 14, 2010, Cal-Western recorded a Substitution of Trustee, substituting itself as trustee for National City Bank.  (FAC ¶ 24, Exhibit D).  On June 27, 2011, Cal-Western recorded a Notice of Trustee's Sale.  (FAC ¶ 25, Exhibit E).

1661981.1

On May 31, 2012, PNC executed an Assignment of Deed of Trust, transferring all beneficial interest under the Deed of Trust to HSBC.  (FAC ¶ 26, Exhibit F).

On August 17, 2012, Cal-Western recorded a second Notice of Trustee's Sale.  (FAC ¶ 28, Exhibit G).

Plaintiffs also allege they requested hardship assistance from PNC, and as part of the hardship assistance process, they received numerous letters from PNC, including a letter from PNC on September 18, 2013, requesting additional information in order to review their request for hardship assistance.  (FAC ¶¶ 29-33, Exhibits H, J-M)

On September 24, 2013, Cal-Western recorded a third Notice of Trustee's Sale.  (FAC, ¶ 35, Exhibit N)

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) states that a party may assert a defense to a complaint based on the Plaintiff's failure to state a claim upon which relief can be granted. (F.R.C.P. 12(b)(6))  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint.  (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) As such, the court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy.  (Id.)

Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  (Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984))

In ruling on a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those allegations, if proved, establish a valid claim for relief.  (See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); see also Bell Atlantic Corp., supra, 550 U.S. 544 at 555). However, the plaintiff bears the burden of pleading facts sufficient to state a claim and the court will not supply a central element of a claim that a plaintiff did not plead.  (Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

A dismissal is also proper if a complaint is vague, conclusory, and fails to set forth material facts in support of its allegations. (Northstar International v. Arizona Corp. Commission, 720 F.2d 578, 583 (9th Cir. 1983).) This is so because it is "plaintiff's obligation to provide the grounds of her entitlement to relief which requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." (Bell Atlantic Corp., *supra*, 550 U.S. 544 at 555.)

"Under notice pleading in federal court, the complaint must 'give the Defendants fair notice of what the claim is and the grounds upon which it rests.'" (Id.) A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." (Id.)

## IV. PLAINTIFFS' FIRST CLAIM FOR WRONGFUL FORECLOSURE AGAIN FAILS

In dismissing Plaintiffs' Complaint, the Court's Order, specifically states that the "Court will provide Plaintiffs with leave to amend to allege facts in support of a theory other than the securitization of the mortgage to challenge the foreclosure proceedings…" (Court Docket No. 17, 7:8-9) Despite the Court's Order, every single claim by Plaintiffs again rest upon the securitization of the Subject Loan and the subsequent assignments made regarding the Subject Loan from National City to PNC, then PNC to HSBC. (*Compare* Court Docket No. 1 ¶¶5-28 *with* FAC ¶¶ 5-28)

Plaintiffs again allege that as the Subject Loan's purported securitization was botched[1], the subsequent assignments to the Securitized Trust were belated and illegal, and as such that the Note was never properly assigned to the Trust, which rendered Defendants having no authority to allow PNC to collect mortgage payments from Plaintiffs or appoint Cal-Western to move forward with foreclosure proceedings. (FAC ¶¶ 7-28) Plaintiffs further claim that HSBC have not recorded, or caused to be recorded, a Notice of Default. (FAC ¶ 46)

While Plaintiffs again provide a multitude of legal and self-serving conclusions, Plaintiffs fail to provide facts sufficient to support their claims for wrongful foreclosure and as such, is subject

---

[1] Plaintiffs alternate between alleging that the Subject Loan was transferred into a Securitized Trust and thus, PNC and HSBC had no authority to commence foreclosure proceedings, or that due to the botched securitization of the Subject Loan, it was improperly transferred and thus no one had any beneficial interest.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    to a motion to dismiss.  (Bell Atlantic Corp., supra, 550 U.S. 544 at 555.)  However, Plaintiffs'

2    claims for wrongful foreclosure continue to fail for several additional reasons.

3         A.    Plaintiffs' Lack Standing to Challenge the Securitization of the Subject Loan

4         Again, the core of Plaintiffs' allegations, despite the Court's Order, rest upon a theory that

5    the loan was improperly securitized, rendering the loan unenforceable, as none of the Defendants

6    were valid beneficiaries under the Deed of Trust, could not appoint Cal-Western as Trustee, and

7    could not appoint PNC as the servicer of the Subject Loan.  (FAC ¶¶ 7-28)

8         Only parties to a Pooling and Servicing Agreement ("PSA") or securitization agreement have

9    standing to challenge the loan securitization process, and a debtor who is not a party to the PSA

10   lacks standing to challenge the deed of trust's chain of ownership.  This rule of law has been upheld

11   throughout California.  (Gantman v. United Pacific Ins. Co. 232 Cal.App.3d 1560, 1568 (App. Ct.

12   1991); Bascos v. Federal Home Loan Mortgage Corp. 2011 WL 3157063 *6 (C.D.Cal. Jul. 22, 2011)

13   [Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an

14   investor of the loan trust]; Logvinov v. Wells Fargo Bank  2011 WL 6140995 (N.D.Cal. Dec. 9,

15   2011) [securitization creates a separate contract distinct from plaintiffs' debt obligations and does

16   not change relationship between plaintiff and lender on underlying loan]; Hague v. Wells Fargo

17   Bank, N.A. 2011 WL 6055759 at *5 (N.D.Cal. Dec. 6, 2011) [REMIC securitization does not alter

18   the Note]; Wadhwa v. Aurora Loan Services, LLC 2011 WL 2681483 *4 (E.D.Cal. July 8, 2011);  In

19   re Correia 452 B.R. 319, 324 (1st Cir.BAP June 30, 2011) [debtors who are not parties to a Pooling

20   and Servicing Agreement lack standing to challenge their mortgage's chain of title.)  However,

21   Plaintiffs do not allege that any representations were or were not made by any party concerning the

22   securitization of their loan.

23        Since Plaintiffs do not allege that they are a party to the PSA or a third-party beneficiary of

24   the PSA or an investor, they have failed to establish that they have standing to maintain any claim

25   relative to the securitization of the loan.  (Blumhorst v. Jewish Family Services of Los Angeles 126

26   Cal.App.4th 993 (App. Ct. 2005), Powers v. Ashton 45 Cal.App.3d 783 (App. Ct. 1975)).  As such,

27   Plaintiffs' first claim for wrongful foreclosure, as well their entire FAC, again fails on this basis

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

1   alone, and should be dismissed with prejudice as Plaintiffs clearly lack any facts to support their

2   claims.

3       B.      **Transfers of Plaintiffs' Loan Do Not Affect Plaintiffs' Obligation to Make Payments**

4

5           Again, Plaintiffs allege that the loan is unenforceable, due to an improper securitization, and

6   lack of any beneficial interest by Defendants to assign via the Assignments.  (FAC ¶¶23-27).

7   However, transfers of the loan have no effect on the validity or enforceability of the loan.  In <u>Jenkins</u>

8   <u>v. JP Morgan Chase Bank, N.A.</u> 216 Cal.App.4th 497, 514-515 (App. Ct. 2013), the plaintiff alleged

9   that there were improper transfers of the note during the securitization process due to alleged non-

10  compliance with the terms of the investment trust's pooling and servicing agreement.  (<u>Id</u>.)  In

11  rejecting this contention, the Court observed that borrowers must anticipate that their notes may be

12  transferred, and that the transfers do not change the borrowers' obligations.  The Court also noted

13  that the borrowers lack standing to challenge the transfers since they are unrelated third parties

14  unaffected by the substitution of one creditor for another.  (<u>Id</u>. at pgs. 514-515; *see also*, <u>Siliga v.</u>

15  <u>Mortg. Elec. Registration Sys., Inc.</u> 219 Cal.App.4th 75, 85 (App. Ct. 2013)).  Consequently,

16  Plaintiffs here lack standing to challenge the transfers because they were not parties to the

17  transaction, and are not affected by the transaction, as the transfer of the loan simply substituted one

18  creditor for another, without changing the Plaintiffs' obligations under the Note.

19      C.      **Assignments of Beneficial Interest Do Not Need to Be Recorded**

20          Plaintiffs again allege that the foreclosure is wrongful, due to the "belated and illegal"

21  assignments, as they were executed and recorded after the date of the purported Securitized Trust's

22  closing date, which results in a violation of the PSA.  (FAC ¶¶ 25-26; 45).  However, there is no

23  statutory requirement under California law which requires the recordation of an Assignment of Deed

24  of Trust to complete a nonjudicial foreclosure.  (<u>Herrera v. Federal Nat. Mortg. Assn.</u> 205

25  Cal.App.4th 1495 (App. Ct. 2012), <u>Calvo v. HSBC Bank USA, N.A.</u> 199 Cal.App.4th 118, 120

26  (App. Ct. 2011)).  The rational for this holding is understood by the Court of Appeal's holding in

27  <u>Fontenot v. Wells Fargo Bank, N.A.</u>, 198 Cal.App.4th 256 (App. Ct. 2011).  The <u>Fontenot</u> Court

28  stated as follows:

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

Plaintiff rests her argument on the documents in the public record, but **assignments of debt**, as opposed to assignments of the security interest incident to the debt, are commonly not recorded.  The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff.  To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that HSBC did not receive an **assignment of the debt** in any other manner. There is no such allegation. Id. At p. 270 [Emphasis added.]

For essentially this reason, the actual transfer of a beneficial interest under a deed of trust could have occurred years before the assignment is actually recorded.  (Wilson v. Pac. Coast Title Ins. Co 106 Cal.App.2d 599, 602 (App. Ct. 1951) (assignment of beneficial interest under the deed of trust three years prior to recording it "was a valid transfer of title.")  As such, Plaintiffs' allegations regarding the purported belated transfer of the Subject Loan to the securitized trust again fail as well.

D.   The Uniform Commercial Code and California Commercial Code are Inapplicable to California Non-Judicial Foreclosure Proceedings

In an attempt to plead additional facts upon which they can rest their claims upon, Plaintiffs allege that under the Uniform Commercial Code ("UCC") and California Commercial Code, Defendants are not "persons entitled to enforce the note", and have no ownership or interest in the note.  As such, Defendants were allegedly not entitled to receive payments on the Subject Loan and not entitled to commence foreclosure proceedings.  (FAC ¶¶ 53-57)  Plaintiffs appear to be alleging that the California Commercial Code, which adopts the Uniform Commercial Code, govern the Promissory Note and Deed of Trust.

Plaintiffs' contention that the promissory note and the rights of the holder of the note are governed by the California Commercial Code has been soundly rejected by the California Court of Appeals in Debrunner v. Deutsche Bank Nat. Trust Co., (2012) 204 Cal.App.4th 433, 440, rehearing denied (Apr. 6, 2012), review denied (Jun. 13, 2012).  In Debrunner, the Court of Appeals held that the statutory scheme for nonjudicial foreclosures, rather than the California Commercial Code, governs in real estate financing and in the foreclosure context.  (Id. at 440-441, citing Spence v. Wells Fargo Bank, N.A. (E.D. Cal. 2011) 2011 WL 1668320, *2 [Commercial Code section 3301 has 'no application in the instant context of real property financing"] and Padayachi v. IndyMac Bank (N.D. Cal. 2010) 2010 WL 4367221 ["Although Article 3 of the UCC governs negotiable

6

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

1    instruments, it does not apply to nonjudicial foreclosure under deeds of trust"].)  While a promissory

2    note is still a negotiable instrument governed by pertinent provisions of the UCC; however, in the

3    nonjudicial foreclosure context, California <u>Civil Code</u> 2924 *et. seq.* establishes the requirements to

4    accomplish the foreclosure. (<u>Fontenot v. Wells Fargo Bank, N.A.</u> (2011) 198 Cal.App.4th 256, 272.)

5    As such, Plaintiffs' arguments as to the applicability of the UCC and California Commercial Code

6    fail as a matter of law.

7        E.    **<u>Plaintiffs' Wrongful Foreclosure Claim is Premature</u>**

8        Additionally, Plaintiffs' wrongful foreclosure claim is also premature because no foreclosure

9    sale has taken place.  (FAC ¶ A).  In <u>Melendrez v. D & I Investment, Inc.</u> 127 Cal.App.4th 1238,

10   1258, (App. Ct. 2005) the appellate court observed that "A nonjudicial foreclosure sale is

11   accompanied by a common law presumption that it 'was conducted regularly and fairly.'" (<u>Id.</u>,

12   *quoting* <u>Brown v. Busch</u> 152 Cal.App.2d 200, 204 (App. Ct. 1957); <u>Stevens v. Pulumas Eureka</u>

13   <u>Annex Min. Co.</u> 2 Cal.2d 493, 497 (App. Ct. 1935)).  The court noted that "This presumption may

14   only be rebutted by substantial evidence of prejudicial procedural irregularity." (<u>Id.</u>, *citing* <u>6</u>

15   <u>Angeles, Inc. v. Stuart-Wright Mortgage, Inc.</u> 85 Cal.App.4th 1279, 1284  (App. Ct. 2001)).

16   Further, the court ruled that "It is the burden of the party challenging the trustee's sale to prove such

17   irregularity and thereby overcome the presumption of the sale's regularity." (<u>Id.</u>)  Notably, "a

18   trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there *has*

19   *been* an illegal, fraudulent or willfully oppressive sale of property under a power of sale contained in

20   a mortgage or deed of trust." (<u>Munger v. Moore</u> 11 Cal. App. 3d 1, 7 [emphasis added] (1970).)  As

21   no sale has taken place, Plaintiffs' claims are premature.

22       F.    **<u>Plaintiffs' Fail to Provide Facts Showing a Prejudicial Procedural Irregularity</u>**

23       Finally, Plaintiffs again fail to provide any facts showing a <u>prejudicial procedural</u>

24   <u>irregularity</u>.  While Plaintiffs allege that the assignments were belated, illegal, and fraudulent, that

25   Cal-Western could not have been appointed as the trustee, and that HSBC has not filed any notice of

26   default, Plaintiffs fail to allege any facts showing any prejudicial procedural irregularity with respect

27   to any of their allegations.  As such, Plaintiffs' claims for wrongful foreclosure also fail.

28   ///

**MEMORANDUM OF POINT AND AUTHORITIES - CASE NO.: CV-13-5476**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1661981.1

## V.   PLAINTIFFS' SECOND CLAIM FOR QUIET TITLE FAILS

Plaintiffs' second claim for quiet title is also based upon their erroneous botched securitization theory, purported "illegal and belated" assignment theory, and lack of ownership interest in the note under the UCC and California Commercial Code.  As such, these claims should fail solely based on the reasons stated above.

Furthermore, as Plaintiffs are also seeking to quiet title, Plaintiffs again fail to allege that they tendered payment of the amount owed.  Plaintiff cannot state a claim to quiet title without offering to pay the full amount of the debt for which the property was security.  (Aguilar v. Bocci, 39 Cal.App.3d 475, 476 (App. Ct. 1974)) [holding Plaintiff could not quiet title without discharging his debt and a cloud upon his title would persist until the debt was paid]; *also see*, Mix v. Sodd,126 Cal.App.3d 386, 390  (App. Ct. 1991) [noting that it is well established that no quiet title action can be stated without paying debt even where debt is otherwise unenforceable].).  Here, Plaintiffs admit that they received proceeds from the Subject Loan in order to purchase the Subject Property.  (FAC ¶ 5).  However, Plaintiffs fail to allege any facts that they have tendered or are able, willing, and able, to tender the full amount owed.  As such, Plaintiffs' claim for quiet title should be dismissed.

## VI.   PLAINTIFFS' THIRD CLAIM FOR SLANDER OF TITLE FAILS

Plaintiffs' slander of title claims, like the rest of Plaintiffs' FAC, again rest upon their erroneous botched securitization theory, purported "illegal and belated" assignment theory, and lack of ownership interest in the note under the UCC and California Commercial Code, and as such, these claims should fail solely based on the reasons stated above.

Further, slander of title, is a false and unprivileged disparagement, oral or written, of the title to real or personal property, resulting in actual pecuniary damage.  (Gudger v. Manton 21 Cal.2d 537, 541 (App. Ct. 1943), *disapproved on other grounds* in Albertson v. Raboff 46 Cal.2d 375, 381 (App. Ct. 1956).)  Because the action for disparagement is based on pecuniary damage, it lies only where the damage has been suffered.  (Appel v. Burman 159 Cal.App.3d 1209, 1214 (App. Ct. 1984).)  In Burkett v. G. J. Griffith 90 App. Ct. 532, 537 (App. Ct. 1891), the California Supreme Court explained that a cause of action of action for slander of title must set out facts in the complaint showing how the publication was false and must set forth facts with particularity as to how Plaintiff

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    has been damaged by the publication.

2          As discussed above, Plaintiffs' allegations that Defendants recorded fraudulent assignments

3    based upon an improper securitization of the Subject Loan is unfounded.  Further, while Plaintiffs

4    provide many legal conclusions, Plaintiffs fail to plead <u>any</u> facts showing that said publications were

5    done with malice, and how a third party relied upon the recordings.  Finally, Plaintiffs again fail to

6    allege pecuniary loss, as Plaintiffs, while alleging that PNC had no authority to collect Plaintiffs'

7    loan payments, fails to allege that they have been making payments to another entity for the Subject

8    Loan, or that another entity has requested payments on the Subject Loan, or threatened Plaintiffs

9    with foreclosure proceedings.  As such, Plaintiffs' claim for slander of title fails.

10   **VII.   PLAINTIFFS' FOURTH CLAIM FOR FRAUD FAILS**

11         In addition to Plaintiffs' erroneous securitization, and alleged subsequent fraudulent

12   assignment theory detailed above, Plaintiffs' fraud claim fails for a multitude of reasons.

13         A.   **Plaintiffs Fail to Plead Sufficient Facts to Establish the Essential Elements of Fraud**

14

15         The essential elements of fraud are:  (1) misrepresentation (false representation, concealment,

16   or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e., to induce

17   reliance; (4) justifiable reliance; and (5) resulting damage.  (<u>Buckland v. Threshold Enterprises, Ltd.</u>,

18   155 Cal.App.4th 798, 807 (App. Ct. 2007).)

19         In this case, Plaintiffs again alleges two specific, separate frauds:  the alleged fraudulent

20   assignments as well as fraudulent statements arising out of the September 18, 2013 correspondence

21   from PNC regarding Plaintiffs' loan modification.  (FAC ¶¶ 70-82).  However, as noted above,

22   Plaintiffs fail to allege <u>facts</u> demonstrating that there was any misrepresentation, knowledge of

23   falsity, or intent to defraud.  Furthermore, Plaintiffs fail to allege any facts supporting any resulting

24   damages with respect to the alleged fraudulent assignments, as Plaintiffs lack standing to challenge

25   the securitization of their loan, assignments do not need to be recorded at the time of transfer, as well

26   as the transfer of the loan does not relieve Plaintiffs of their requirements to make payments under

27   the terms of the Subject Loan.  As such, Plaintiffs' claims of fraud arising out of the assignments

28   again fail.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   Additionally, with respect to the allegations regarding PNC's September 18, 2013

2   correspondence regarding Plaintiffs' loan modification, Plaintiffs again fail to allege <u>facts</u>

3   demonstrating justifiable reliance and resulting damages.  Plaintiffs allege that PNC misrepresented

4   to Plaintiffs that they were in loan modification negotiations, however continued foreclosure

5   proceedings during the same time.  Again, nowhere in Plaintiffs' FAC are any allegations that PNC

6   represented that the foreclosure proceedings were on hold while Plaintiffs were in loan modification

7   discussions. [2]  Furthermore, Plaintiffs do not allege any resulting damage, as Plaintiffs admit no

8   Trustee's Sale has gone forward.  (FAC ¶ A).  As such, Plaintiffs again fail to plead sufficient facts

9   to support their claim for fraud.

10  **VIII.   <u>PLAINTIFFS' FIFTH CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS</u>**

11  Plaintiffs' FAC again seeks to cancel the Deed of Trust, Note, two Assignments, one

12  Substitution, one Notice of Default, and one Notice of Trustee's Sale.

13  <u>California Civil Code</u> § 3412 provides:

14  A written instrument, in respect to which there is a reasonable apprehension that if
    left outstanding it may cause serious injury to a person against whom it is void or
15  voidable, may, upon his application, be so adjudged, and ordered to be delivered up
    or canceled.

16

17  To state a cause of action for cancellation, a plaintiff must specifically allege <u>facts</u>

18  demonstrating the invalidity of the written instrument.  (<u>Wolfe v. Lipsy</u>, 163 Cal.App.3d 633, 638

19  (App. Ct. 1985).)  An instrument which does not cause material injury is not subject to cancellation.

20  (<u>North Pac. S.S. Co. v. Terminal Inv. Co.</u>, 43 Cal.App. 182 (App. Ct. 1919).)

21  Further, <u>California Civil Code</u> § 3412 requires that the written instrument be against a person

22  to whom it is void or voidable.  "As a general rule a party to the contract or a privy thereto, and he

23  alone, is entitled to maintain a suit to cancel or rescind it, and one who is a stranger to, or has no

24  interest in, the subject matter of the suit is not ordinarily entitled to such relief."  (<u>Reina v.</u>

25

26

27  [2] While Plaintiffs mention additional correspondence from PNC, Plaintiffs only allege fraud as to the

28  September 18, 2013 correspondence.  (*See* FAC, Exhibits H, J-M)  However, nowhere in any of the additional attached letters is any representation that the foreclosure proceedings were on hold.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1661981.1

1   Erassarret, 90 Cal.App.2d 418, 423-424 (App. Ct. 1949).)  Even the maker of a note has no right to

2   contest the existence of consideration for the assignment of a note as between the original holder and

3   its transferee.  (Anderson v. Wickliffe, 178 Cal. 120, 121-122 (App. Ct. 1918).)

4   　　　In this case, Plaintiffs' claims that the documents are purportedly defective because the

5   neither PNC nor HSBC recorded documents showing any legally effective assignment of the Deed

6   of Trust, based upon Plaintiffs' improper securitization theory.  However, Plaintiffs are not alleged

7   to be party to the Assignments, the Substitution, or the Trustee's Deed.  As such, Plaintiff lacks

8   standing to cancel the documents.

9   　　　Furthermore, Plaintiffs' claims that the Deed of Trust and Note should be cancelled also fail,

10  as Plaintiffs fail to allege facts demonstrating that said Deed of Trust and Note are void or voidable.

11  As such, Plaintiffs' claims for cancellation of the Deed of Trust and Note also fail.

12  　　　Additionally, as Plaintiffs seek to rescind the Deed of Trust and Note, a plaintiff must

13  generally restore to the Defendants everything of value which the plaintiff has received from

14  Defendants under the agreement.  (Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc. 121

15  Cal.App.3d 447, 457 (App. Ct. 1981)).  Here, Plaintiffs has not offered to restore any entity; rather,

16  Plaintiffs again seek to take title free and clear to the Subject Property without any repayment of the

17  Subject Loan.

18  　　　Finally, as the Deed of Trust and Promissory Note are written contracts, it is subject to the

19  four-year statute of limitations of California Code of Civil Procedure § 337.  Plaintiffs clearly state

20  that they executed the Deed of Trust and Promissory Note on February 20, 2007 – over six years

21  prior to the initiation of the instant lawsuit.  (FAC ¶ 5).  As such, Plaintiffs' claim for cancellation of

22  these instruments also is also significantly time-barred.

23  　　　Based upon these foregoing reasons, the Court should again grant the Motion to Dismiss the

24  purported cancellation claim.

25  **IX.   PLAINTIFFS' SIXTH CLAIM FOR VIOLATION OF BUS. & PROF. CODE §17200**

26  **FAILS**

27  　　　Plaintiffs' sixth claim alleges a violation of the Business and Professions Code §17200

28  ("UCL") under the unfair, unlawful, and fraudulent prongs.  The UCL is written in the disjunctive,

11

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1661981.1

1    as it establishes three varieties of unfair competition—unlawful, unfair, or fraudulent business

2    practices. (<u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co</u>. 20 Cal.4th 163,

3    181 (App. Ct. 1999).)

4         A.     **<u>Plaintiffs Fail to Allege a Claim Under the Unlawful Prong</u>**

5         To allege a business practice is unlawful, Plaintiffs must allege a predicate statute. In

6    support of their claim under the unlawful prong of section 17200, Plaintiffs appear to be alleging that

7    several statutes were breached, although fail to allege facts supporting each breach. For instance,

8    Plaintiffs conclusorily allege Defendants failed to comply with: <u>California Civil Code</u> §§ 1572,

9    1708, 1709, 2924(a)(1), 2924(a)(1)(C), 2924(a)(6) , 2934(a)(1)(A), UCC Articles 3 and 9, and

10   <u>California Penal Code</u> §§ 115 and 532(f)(a). (FAC ¶90(a)-(h).) However, in addition to the

11   arguments discussed above, there are no facts to support that there was any such violation. Thus,

12   Plaintiffs' allegations do not support any violation of the unlawful prong of <u>Business and Professions</u>

13   <u>Code</u> § 17200.

14        B.     **<u>Plaintiffs Fail to Allege a Claim Under the Unfair Prong</u>**

15         To allege a business practice is unfair, plaintiff must allege the "conduct threatens an

16   incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its

17   effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or

18   harms competition.'" (<u>Byars v. SCME Mortgage Bankers</u> 109 Cal.App.4[th] 1134, 1147 (App. Ct.

19   2003).) In the alternative, a practice is unfair if it violates public policy that is "tethered" to specific

20   constitutional, statutory or regulatory provisions. (<u>Scripps Clinic v. Superior Court</u> 108 Cal.App.4th

21   917 (App. Ct. 2003)).

22         Here, Plaintiffs appear to rest their unfair claim on their botched securitization theory, and

23   "illegal and belated" assignments. These allegations do not relate to a specific constitutional,

24   statutory or regulatory provision, nor do the allegations support any conduct that violates antitrust

25   law. As discussed above, the statutes which are cited (with no supporting facts alleging how they

26   were breached) are not sufficient to maintain any claim against these Defendants. Accordingly,

27   Plaintiffs' allegations do not support any violation of the unfair prong of <u>Business and Professions</u>

28   <u>Code</u> §17200.

<div align="center">12</div>

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

C.      **Plaintiff Fails to Allege a Claim Under the Fraudulent Prong**

The general test for whether an act is considered "fraudulent" under section 17200 is whether members of the general public are likely to be deceived.  (Committee on Children's TV v. General Foods Corp. 35 Cal. 3d 197, 211 (App. Ct. 1983)).  As a derivative cause of action, a claim for unfair business practices under § 17200 is only as valid as the underlying allegations relating to the "borrowed" causes of action.  (DiPirro v. American Isuzu Motors, Inc. 119 Cal.App.4th 966 (App. Ct. 2004).)  A "Defendants cannot be liable under section 17200 for committing 'unlawful business practices' without having violated another law."  (Ingles v. Westwood One Broadcasting Services, Inc. 129 Cal.App.4th 1050, 1060 (App. Ct. 2005))  "Where a[n unfair competition law] claim is derivative of another claim that fails as a matter of law, the UCL claim must similarly fail."  (Nein v. HostPro, Inc. 174 Cal.App.4th 833, 841 (App. Ct. 2009).)

As discussed above, Plaintiffs have failed to state any cause of action against these Defendants.  Dismissal of the section 17200 claim is thus proper.  Furthermore, Plaintiffs' allegations that the general public was harmed are a conclusory allegation without any supporting facts alleged.

For these reasons, the FAC is devoid of any factual allegations to support the fraudulent prong of the unfair business practices prong of an unfair business practices claim.

X.      **PLAINTIFFS' SEVENTH CLAIM FOR UNJUST ENRICHMENT FAILS**

Plaintiffs cannot state a claim for unjust enrichment because unjust enrichment is not a cause of action, but rather a general principal underlying various legal doctrines and remedies.  (McBride v. Boughton 123 Cal. App. 4th 379, 387 (App. Ct. 2004); Melchior v. New Line Prods., Inc. 106 Cal.App.4th 779-793 (App. Ct. 2003).)  As such, Plaintiffs' claim should fail on this basis alone.

Further, to allege on a cause of action for restitution, Plaintiff must show:  "'[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another.'"  (McBride v. Boughton 123 Cal.App.4th 379, 389 (App. Ct. 2004)).  However, the fact that a person receives benefits from another "is not, by itself, sufficient to require restitution."  (Id.).  A Defendants is only required to make restitution if the enrichment is unjust.  (Id.; Enterprise Leasing Corp. v. Shugart Corp. 231 Cal.App.3d 737, 748 (App. Ct. 1991)).

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

Here, Plaintiff's FAC does not contain any specific facts that PNC was unjustly enriched.  As discussed above, Plaintiffs' allegations that PNC had no right to collect mortgage payments on the Subject Loan based upon Plaintiffs' erroneous theories are incorrect.  Furthermore, Plaintiffs do not allege any facts that they were making payments to another entity as well for the Subject Loan, or that PNC was not crediting the mortgage payments to the Subject Loan.  Thus, Plaintiffs' unjust enrichment claim also must fail as they have not plead sufficient facts to support such a claim.

Finally, a claim for unjust enrichment is generally precluded "when an enforceable, binding agreement exists defining the rights of the parties." (Paracor Fin. v. Gen. Elec. Capital Corp. 96 F.3d 1151, 1167 (9th Cir. 1996).)  As discussed above, Plaintiffs' knowledge or consent to the transfer of the loan does not change their obligations under the Subject Loan.  As such, in light of the written, binding and enforceable Subject Loan documents executed by Plaintiffs and attached and incorporated into the FAC as Exhibit A, Defendants' motion should be granted as to Plaintiffs' unjust enrichment claim.

## XI.   PLAINTIFFS' EIGHTH CLAIM FOR BREACH OF CONTRACT FAILS

Finally, Plaintiffs' FAC brings an additional claim for breach of contract as to PNC.  Essentially, Plaintiffs allege that the letters requesting additional documentation for the loan modification created a contract between Plaintiffs and PNC with respect to negotiating a loan modification as to the Subject Loan.  (FAC ¶¶ 102-103, Exhibits H, J-M) Plaintiffs allege that PNC breached the duty to negotiate in good faith by abandoning loan modification discussions.  (PNC ¶ 104)

However, the Court did not grant Plaintiffs leave to include additional claims in granting Defendants' Motion to Dismiss Plaintiffs' Complaint, as detailed in Defendants' Motion to Strike. As such, Plaintiffs' breach of contract claim fails as Plaintiffs fail to bring the original complaint. Nonetheless, Plaintiffs' breach of contract claim fails for numerous reasons.

### A.   There is No Agreement between the Parties to Negotiate a Loan Modification

The essential elements of a breach of contract claim are:  (1) existence of the contract; (2) plaintiffs' performance or excuse for nonperformance; (3) Defendants' breach; and (4) damages to plaintiffs as a result of the breach.  (CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239

14

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1661981.1

1   (2008).)  Additionally, when a plaintiff asserts a cause of action for breach of a written contract, she

2   must attach a copy of the contract to the complaint or set forth the allegedly breached terms

3   verbatim.  (Otworth v. Southern Pacific Transportation Company, 166 Cal.App.3d 452, 459 (1985).)

4       "Facts alleging a breach, like all essential elements of a breach of contract cause of action,

5   must be pleaded with specificity."  (Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal.App.4th 1, 5

6   (2007).)

7       Plaintiffs attempt to allege that the letters from PNC requesting documentation as a contract

8   to negotiate a modification of Plaintiffs' loan.  In support of Plaintiffs' claim, Plaintiffs cite

9   Copeland v. Baskin Robbins U.S.A. 96 Cal.App.4th 1251 (2002).  However, Plaintiffs' reliance on

10  Copeland is misplaced.  In Copeland, the parties entered into a purchase contract of an ice cream

11  manufacturing plant.  (Id. at 1253.)  The parties agreed on a sales price, and included a provision,

12  subject to a separate agreement and negotiated pricing, to provide a three year co-packing agreement

13  for a certain number of gallons per year.  (Id. at 1254.)  The plaintiff in Copeland signed the contract

14  and included a deposit check.  (Id.).  Defendants in Copeland, after months of negotiations over the

15  terms of the separate co-packing agreement, pulled out of the negotiations.  (Id.)  The Copeland

16  court found a breach of the underlying agreement with respect to the negotiations for the separate co-

17  packing agreement, as there was a contractual compulsion to negotiate.  (Id. at 1260.)

18      The claims made in this instant case are similar to those made by a borrower in Adams v. JP

19  Morgan Chase Bank, N.A. 2013 WL 6668792 (2d. App. Cal, 2013).  In Adams, plaintiff alleged he

20  entered into an oral contract with Defendants bank for the purpose of obtaining a loan modification.

21  (Id. at *1).  The plaintiff in Adams alleged that Defendants bank failed to negotiate a loan

22  modification in good faith, and a contract to negotiate is breached by a party's failure to perform the

23  contractual obligation to negotiate in good faith.  (Id. at *2, *4).  However, the court in Adams found

24  that the plaintiff did not allege any underlying, concrete, preliminary agreement with Defendants

25  bank with a term providing that the parties would negotiate further in finalizing the agreement, and

26  as such, failed to allege any type of agreement that would qualify as an enforceable "contract to

27  negotiate" as existed in Copeland.  (Id. at *5 citing Roberts v. Adams, 165 Cal.App.2d 312, 316

28  (1958); Coleman Engineering Co. v. North American Aviation, Inc., 65 Cal.2d 396 (1966) [an

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1661981.1

1   "agreement to agree" is not enforceable unless the terms left to future negotiation are of a minor

2   nature compared to an underlying agreement."])

3          In this case, Plaintiffs allege the letters represented a contract to negotiate a loan

4   modification.  However, none of the letters provide any definite terms with respect to any alleged

5   agreement between the parties regarding loan modification negotiations.  Indeed, the letters request

6   information with respect to Plaintiffs "request for hardship assistance", however required additional

7   information in order to review the request, and make no mention of any loan modification or invite

8   any negotiation for a loan modification, as the Plaintiffs attempt to claim.  (*See* FAC, Exhibits H, K-

9   M).  Furthermore, the terms left for future negotiation, i.e. whether Plaintiffs receive a loan

10  modification, are not of a minor nature compared to the alleged agreement.  As such, Plaintiffs fail

11  any underlying, definite contract with respect to loan modification negotiations, and as such, fail to

12  allege facts to support their breach of contract claim.

13         B.     Plaintiffs Fail to Allege Any Breach by PNC

14         "Generally, every contract ... imposes upon each party a duty of good faith and fair dealing in

15  its performance and its enforcement."  (McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 799

16  (2008).)  The covenant "is implied as a supplement to the express contractual covenants, to prevent a

17  contracting party from engaging in conduct which (while not technically transgressing the express

18  covenants) frustrates the other party's rights to the benefits of the contract."  (Id. at 806.)  The

19  elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2)

20  the Defendants's breach; (3) damage to the plaintiff; and (4) that the plaintiff's damages were

21  proximately caused by that breach.  (Amtower v. Photon Dynamics, Inc., 158 Cal.App.4th 1582,

22  1599 (2008).)

23         As Plaintiffs fail to allege any concrete contract, Plaintiffs fail to allege any facts which

24  constitute a breach of any covenant of good faith and fair dealing with respect to PNC.  As such,

25  Plaintiffs' breach of contract claim further fails to state a claim upon which relief can be granted.

26         C.     Plaintiffs Fail to Allege Resulting Damages

27         Notwithstanding the failure to allege any enforceable contract with respect to negotiations for

28  a loan modification, Plaintiffs further fail to allege any resulting damages.  Plaintiffs do not allege

16

**MEMORANDUM OF POINT AND AUTHORITIES - CASE NO.: CV-13-5476**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

1 | any facts that would suggest that they would have received a loan modification, if PNC had

2 | purportedly continued the alleged contractually mandated negotiations. Further, Plaintiffs have not

3 | suffered any resulting damages with respect to the Subject Property, as the Plaintiffs admit the

4 | Subject Property has not been sold. (FAC, ¶ A) As such, Plaintiffs' breach of contract claim fails

5 | again.

6 | **XII.** <u>**CONCLUSION**</u>

7 |      Based on all of the foregoing reasons, those to be set forth in the reply (if any), and at oral

8 | argument on this matter, Defendants respectfully requests that the Court grant its Motion to Dismiss

9 | Plaintiffs' FAC in its entirety without leave to amend, since further amendment would be futile as

10 | illustrated by Plaintiffs' failure to demonstrate any ability to meaningfully amend their original

11 | complaint.

12 | DATED: April 16, 2014           WOLFE & WYMAN LLP

13 |

14 |           By:    <u>/s/ Meagan S. Tom SBN 273489</u>

15 |                   BRIAN H. GUNN
                  MEAGAN S. TOM

16 |           Attorneys for Defendants
          **PNC BANK, N.A. and HSBC BANK USA,**

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

**MEMORANDUM OF POINT AND AUTHORITIES - CASE NO.: CV-13-5476**

1661981.1

1

**PROOF OF SERVICE**

2    **STATE OF CALIFORNIA**          )
                                       )      **ss.**
3    **COUNTY OF CONTRA COSTA**       )

4    I, Syreeta Shoals, declare:  I am employed in the County of Contra Costa, State of California.  I am over the
     age of 18 and not a party to the within action.  My business address is 2175 North California Blvd., Suite 645,
5    Walnut Creek, California 94596-3502.

6    On the date shown below, I served the document(s) described as **DEFENDANTS PNC BANK, N.A. AND
     HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR LUMINENT MORTGAGE
7    TRUST 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2'S NOTICE OF
     MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT;
8    MEMORANDUM OF POINTS AND AUTHORITIES ISO** on all interested parties in said action by
     placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

9
     ☐    **BY MAIL**: as follows:
10          ☐      **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and
            processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
11          Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the
            ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if
12          postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing
            in affidavit.
13          ☐      **FEDERAL** – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with
            postage thereon fully prepaid.
14
     ☐    **BY PERSONAL SERVICE** as follows:  I caused a copy of such document(s) to be delivered by hand
15          to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

16   ☐    **BY OVERNIGHT COURIER SERVICE** as follows:  I caused such envelope to be delivered by
            overnight courier service to the offices of the addressee.  The envelope was deposited in or with a
17          facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

18   ☒    **BY ELECTRONIC MAIL** as follows:  I hereby certify that I electronically transmitted the attached
            document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of
19          Notice of Electronic Filing to the CM/ECF registrants for this case.  Upon completion of the electronic
            transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by
20          ECF's system, which will be maintained with the original document(s) in our office.

21   ☐    **BY FACSIMILE** as follows:  I caused such documents to be transmitted to the telephone number of
            the addressee listed on the attached service list, by use of facsimile machine telephone number.  The
22          facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported
            by the machine.  Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the
23          transmission was printed.

24   ☒    **STATE**        I declare under penalty of perjury under the laws of the State of California that the
            above is true and correct.
25
     ☒    **FEDERAL**      I declare that I am employed in the offices of a member of the State Bar of this Court
26          at whose direction the service was made.

27       Executed on April 16, 2014, at Walnut Creek, California.

28                                                                SYREETA SHOALS

1
2
3

**SERVICE LIST**
**Northern District Court, Case No.: 3:13-cv-05476-JSW**
**HOWE v. PNC BANK, N.A., et al.**
**W&W File No. 1264-551**
**[Revised: 12/12/2013]**

4
5
6
7

| | |
|---|---|
| Charles Thomas Marshall<br>LAW OFFICES OF CHARLES T. MARSHALL<br>415 Laurel Street, #405<br>San Diego, CA 92101 | **Attorney for Plaintiffs**<br>**PERRY HOWE and KARINA HOWE**<br>Tel: (619) 807-2628<br>Fax: (866) 575-7413<br>Email: cmarshall@marshallestatelaw.com |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1555938.1