UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY HOWE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., et al.,<br><br>    Defendants. | Case No. 13-cv-05476-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 19 and 20 |

Plaintiffs Perry and Karina Lee Howe have sued PNC Bank, N.A., and HSBC Bank USA, N.A., as trustee for Luminent Mortgage Trust 2007-2, Mortgage Pass Through Certificates, Series 2007-2 ("Defendants"), to contest the foreclosure proceedings initiated by defendants. The defendants filed a motion to dismiss the original complaint, which Judge White granted, with leave to amend. The Howes then filed a First Amended Complaint (FAC) and defendants have filed a motion to dismiss and motion to strike. The motion to dismiss is GRANTED, and the case is dismissed with prejudice.[1]

The FAC is largely premised on the theory the Howes set forth in their original complaint, namely, that because their mortgage was securitized none of the defendants had authority to foreclose on the property. Judge White's order dismissed all claims based on this securitization theory and granted leave to amend to challenge the foreclosure proceedings only if the Howes could allege facts in support of a different theory. (Docket No. 17). The Court therefore only addresses claims that do not arise out of the securitization theory.

---

[1] Because the court is dismissing the complaint, the court DENIES the motion to strike as MOOT.

First, the Howes allege that defendants do not have a right to foreclose on their property because they have violated various sections of the California Commercial Code. (FAC, ¶ 53). Second, the Howes attempt to bolster their fraud claim by pleading additional information regarding PNC's alleged misrepresentation that it was willing to renegotiate the Howes' loan. This fraud claim is connected with a series of letters between the Howes and PNC, in particular the correspondence from PNC dated September 18, 2013. (FAC, ¶¶ 77-82). Third, the Howes allege that this letter constituted a contract between them and PNC, and by refusing to renegotiate the loan PNC breached the contract. (FAC, ¶¶ 101-106).

1. The California Commercial Code claim is based on the requirements set forth in Articles 3 and 9 of the Uniform Commercial Code, which California has adopted. The Howes claim that because the Note and Deed of Trust to their property were separated, defendants are not "persons entitled to enforce the note" under the California Commercial Code, and thus have no interest in the property and cannot foreclose on it. But the California Commercial Code is not applicable to nonjudicial foreclosures in California.  Rather, nonjudicial foreclosures are exhaustively governed by California Civil Code § 2924 *et. seq. See Debrunner v. Deutsche Nat. Trust Co.*, 204 Cal.App.4th 433, 440(2012). And as Judge White's order notes, under California Civil Code § 2924, the "foreclosing party does not need to possess or produce the original promissory note in order to conduct a trustee sale." (Docket No. 17).

2. With respect to the fraud claim, Judge White's order granted leave to amend only for the alleged misrepresentation about the loan modification, not the alleged fraudulent assignment of the Note. The Howes have added new information in their FAC about their response to the allegedly fraudulent letter sent by PNC on September 18, 2013.  However, they still have not alleged sufficient facts to suggest a possibility of fraud. Their complaint does not demonstrate how PNC intended to induce them to rely on the alleged misrepresentation or how they relied on it, both of

which are necessary elements of fraud. *See Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).  And the letter itself belies the allegation that the letter misled the Howes, because it stated: "Please note that the normal collection and/or foreclosure activity will continue on your loan while your request is being reviewed." (Docket No. 18, Exhibit "M").

      3. Finally, the Howes claim this September 18, 2013 letter was a contract between them and PNC whereby PNC agreed to renegotiate the loan, and PNC's failure to negotiate in good faith constituted a breach of that contract. However, the letter does not include any terms, promises, or agreements, and there is nothing about it which would suggest it is a contract.

      Accordingly, the three remaining claims must be dismissed, and therefore the case must be dismissed.  The dismissal is with prejudice, because the plaintiffs offer no explanation – and the court can conceive of none – for how they could amend their complaint to state a cause of action.

**IT IS SO ORDERED.**

Dated:  July 14, 2014

VINCE CHHABRIA  
United States District Judge